**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Gene MAINES,**
**Defendant–Appellant.**

**No. 89–5089.**

United States Court of Appeals,
Tenth Circuit.

Dec. 10, 1990.

Tony M. Graham, U.S. Atty., and Susan W. Pennington, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

June E. Tyhurst, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and BRIMMER, Chief District Judge [*].

---

[*] Honorable Clarence A. Brimmer, Chief Judge of   the United States District Court for the District

HOLLOWAY, Chief Judge.

## I

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

On June 8, 1988, the defendant-appellant, Charles Gene Maines (Maines), was charged in a one-count indictment with having violated 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a convicted felon.[1] That section subjects violators to a statutory sentencing range of zero to five years' imprisonment. In January 1989 the government filed an enhancement of sentence information pursuant to § 924(e)(1), charging that Maines had committed three previous "violent felonies."[2] Section 924(e)(1) provides for significantly greater punishment than § 922(g)(1), subjecting Maines, *inter alia*, to a mandatory minimum sentence of fifteen years' imprisonment to life, with no opportunity for probation. 18 U.S.C. § 924(e)(1).[3]

On January 9, 1989, Maines entered a plea of guilty to the one-count indictment involving § 922(g)(1), but pled not guilty to the government's information for sentence enhancement under § 924(e)(1). Maines asserted that one of the three previous "violent felonies" that the government charged him with in the sentence enhancement in-

formation, a 1973 conviction for burglary in Texas, was not a "violent felony" as defined in § 924(e)(1). He conceded that the two other prior convictions contained in the Information constituted "violent felonies" under § 924(e)(1).

## II

On February 1, 1989, the court held a hearing on the appropriateness of applying § 924(e)(1) to Maines. The trial court entered a written order on May 10, 1989, addressing the contentions concerning sentence enhancement under § 924(e)(1). The court found that by stipulation and introduction of court documents three felony convictions were introduced: (1) a December 1973 conviction in Grayson County, Texas, "of burglary [of a residence];" (2) a 1978 conviction in Bryan County, Oklahoma, of manslaughter in the first degree; and (3) a 1984 conviction in Bryan County, Oklahoma, "of shooting with intent to kill —AFCF." The court noted that convictions (2) and (3) were conceded to fall within the violent felony provisions of § 924(e)(1), but that defendant Maines asserted a constitutional challenge to the government's reliance on conviction (1).

The order quoted from the Information of December 19, 1973, which charged defendant with the offense in Grayson County, Texas, and contained the following terms:

> In case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
> Section 1402 of Subtitle I (the Career Criminals Amendment Act of 1986) of the Anti–Drug Abuse Act of 1986, 18 U.S.C. § 924(e)(1).

of Wyoming, sitting by designation.

**1.** Section 922(g) provides:

> It shall be unlawful for any person—
> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**2.** The government initially alleged in its sentence enhancement information that Maines had committed four prior "violent felonies." The government later agreed that two of the four convictions should be combined into one because they arose out of the same set of circumstances.

**3.** Section 924(e)(1) states:

on or about the 7th day of October A.D. 1973, and anterior to the filing of this information, in the County of Grayson, and State of Texas, CHARLIE GENE MAINES did then and there unlawfully, by force, threats, and fraud, break and enter a house then and there occupied and controlled by Marion Harris hereinafter called "Injured Party" with the intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there belonging to the said Injured Party from the possession of the said Injured Party, without the consent of said Injured Party, and with the intent then and there to deprive the said Injured Party, of the value of the same, and to appropriate the same to the use and benefit of the said Defendant, CHARLIE GENE MAINES against the peace and dignity of the State.

Defendant does not dispute that it was this 1973 charge respecting conviction (1) to which defendant pled guilty in the Texas court and was sentenced to five years' confinement, the defendant being placed on probation by the Texas court. The order of the federal district court noted a discourse by the court with defense counsel. The order referred to the charge document, quoted above, and stated that defense counsel conceded that conviction (1) was a result of a guilty plea or a verdict and finding of guilty "of that particular residential burglary." Order at 4.

The district court's order rejected defendant Maines' constitutional claims that 18 U.S.C. § 924(e)(1) violated due process in that defendant was denied the right to be sentenced on the particular facts of his case, and that due process was infringed because § 924(e)(1) does not bear a reasonable relation to a legitimate legislative purpose. The order concluded that defendant's claim of violation of the equal protection component of the Due Process Clause also failed. It was argued that there is a wide disparity between the states as to the elements of burglary. The court held, however, that the concluding provision of § 924(e)(1) was applicable here because the defendant's conduct concerning conviction (1) in Texas presented a serious potential risk of personal injury to another within the meaning of the concluding catchall provision of § 924(e)(1). The order lastly held that the sentencing enhancement mandated by § 924(e)(1) did not amount to cruel and unusual punishment.

The district judge sentenced Maines to 15 years' imprisonment without parole, with credit for time served in jail under the federal offense, and four years' supervised release.

### III

Maines appeals his enhanced sentence, reasserting objections to application of § 924(e)(1) in his sentencing. He argues: that his 1973 Texas conviction for "burglary" was not common law burglary, which definition the statute adopted, and thus not a "violent felony" under § 924(e)(1); that construing burglary as variously defined by the several states violates equal protection principles; and that the district court erred in holding that his 1973 Texas conviction was for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," under the concluding catchall provision of the enhancement statute.

■ We are of the opinion that our review is one of legal determinations made by the district court in its order and sentence, in considering the claims of error asserted here by Maines.[4] In doing so we have a controlling recent decision of the Supreme Court, which the district judge did not have, *Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607. *Taylor* made several rulings of particular sig-

---

4. We review *de novo* questions of law such as the district court's statutory interpretation of § 924(e) of the Armed Career Criminal Act in this case. *See United States v. Irvin,* 906 F.2d 1424, 1426 (10th Cir.1990). *See also United States v. Smith,* 900 F.2d 1442, 1445–46 (10th Cir.1990) (interpretation of sentencing guidelines is closely analogous to statutory interpretation, involving questions of law subject to *de novo* review). The related constitutional claims are reviewed on the same basis.

nificance here. Because of the decision it is unnecessary to address specifically the district court's thoughtful review of Maines' equal protection concerns since *Taylor* established a uniform definition of the term "burglary" for the purpose of sentence enhancement under § 924(e).[5] The Court made clear its construction of the term "burglary" in *Taylor*, 110 S.Ct. at 2158:

> We conclude that a person has been convicted of burglary for purposes of § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

This court had previously applied the definition of burglary as it appeared in the Armed Career Criminal Act: " 'burglary' is 'any felony punishable by a term of imprisonment exceeding one year and consisting of entering or remaining surreptitiously within a building that is the property of another with intent to engage in conduct constituting a Federal or State offense.' " *United States v. Silkwood*, 893 F.2d 245, 250 (10th Cir.1989). This definition is similar to that adopted by the Supreme Court in *Taylor*, quoted above, but we will, of course, apply the precise definition from *Taylor*, as we do here.

*Taylor* is also instructive in holding that § 924(e) mandates a formal categorical approach in deciding whether a prior crime may be considered for enhancement purposes—"looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor*, 110 S.Ct. at 2159.

## IV

Following the approved procedure, we conclude that Maines' 1973 burglary conviction does come within the enhancement provisions of § 924(e). The evidence offered by the government consisted of the 1973 Information, quoted earlier, which charged that Maines did "by force, threats, and fraud, break and enter a house...." The Texas court did not state which statute the conviction of Maines was under, saying only that his guilty plea was received and entered, and finding that "Defendant is guilty of the offense of burglary...." The court imposed a sentence of five years' confinement but placed Maines on probation.[6] Maines' brief on appeal states that the offense must be for a violation of Article 1390, Vernon's Texas Statutes Annotated, which provides:

> *"Burglary" by breaking.* He is also guilty of burglary who, with intent to commit a felony or theft,[7] by breaking, enters a house in the daytime.

5. *See, e.g., United States v. Silex*, 907 F.2d 488 (5th Cir.1990) (citing *Taylor*, court overrules holding in *United States v. Leonard*, 868 F.2d 1393 (5th Cir.1989) that "burglary" under § 924(e) is defined by various states); *United States v. O'Neal*, 910 F.2d 663 (9th Cir.1990) (noting *Taylor*, court overrules *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989) and its common law definition of "burglary" under § 924(e)).

6. The Texas Penal Code provided that "[o]ne guilty of burglary shall be confined in the penitentiary not less than two nor more than twelve years." Art. 1397.

7. At the time of Maines' 1973 burglary conviction, the Texas Penal Code defined theft as "the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same,

and to appropriate it to the use or benefit of the person taking." Tex. Penal Code Ann. art. 1410 (Vernon 1970) (repealed in 1974). Theft by burglary was long considered a serious crime in Texas. *See, e.g., Shannon v. State*, 170 Tex. Crim. 91, 338 S.W.2d 462 (App.1960) (theft and larceny are substantially the same offense); *Davis v. State*, 167 Tex.Crim. 524, 321 S.W.2d 873 (App.1959) (burglary with intent to commit theft and robbery are offenses of the same nature). *See generally Robles v. State*, 664 S.W.2d 91, 94–95 (Tex.Crim.App.1984) (current burglary statute, Section 30.02(a)(1) of the Texas Penal Code, retained many characteristics of the former pertinent penal code sections, and requires only unlawful entry with intent to commit theft).

As noted earlier, the Information charging Maines with the 1973 offense alleged in part that he did "by force, threats, and fraud, break and enter a house then and there occupied and controlled by Marion Harris ... with the intent then and there to fraudulently take therefrom

We agree that Article 1390 is the burglary statute that appears to apply, considering the Information to which Maines pled guilty and the terms of that Texas " 'Burglary' by breaking" law. The Information did not allege entry of a house at night, or that during either day or night Maines entered and remained concealed therein. These are requirements, among others, of Article 1389, "Burglary," and are not alleged. Therefore, we agree with Maines that Article 1390 should be viewed as the statute of conviction. The government makes no argument addressing the applicable Texas statute.

Turning back to the generic burglary definition adopted in *Taylor*, we are satisfied that Maines' 1973 Texas burglary conviction comes within the enhancement requirements as a "burglary" under § 924(e)(1). Maines pled guilty to burglary as alleged in the Information, and these allegations fit within Article 1390 which covers one "who, with intent to commit a felony or theft, by breaking, enters a house in the daytime." We are convinced that these elements satisfy *Taylor*'s generic burglary definition "of unlawful or unprivileged entry into, or remaining in a building or structure, with intent to commit a crime."

As noted earlier, however, the federal district court here did not make a determination concerning a particular type of burglary having been committed, coming within § 924(e)(1). Indeed, the federal district court's order said that this was unnecessary due to "the additional language of § 924(e)(2)(B)(ii) which states a 'violent felony' means any crime punishable by imprisonment for a term exceeding one year involving conduct that presents a serious potential risk of physical injury to another."

Order at 9. The court further found that Maines' Texas 1973 felony conviction, when examined in light of the allegations in the Information and the stipulation of counsel,[8] established that the Texas offense was a crime involving conduct that presented a serious potential risk of physical injury to another. Accordingly, the court concluded that the 1973 burglary conviction was a "violent felony" qualifying as a predicate felony sufficient, when combined with the other felony convictions, to implicate § 924(e)(1) sentencing enhancement. *Id.* Defendant Maines' constitutional challenges being rejected, the court followed the mandatory minimum sentencing structure of § 924(e)(1) and imposed the fifteen year sentence, and a four year period of supervised release.

Maines argues that this conclusion—that there was a crime involving conduct that presents a serious potential risk of physical injury to another—was error. He says his 1973 Texas conviction was not a crime which involved conduct presenting such a risk of physical injury to another; that the proper categorical procedure under § 924(e) is to consider only the elements of the statute of conviction; and that here, proof of an Article 1390 offense under the Texas statute could be made without establishing conduct posing a serious potential risk of harm to others. It is improper, Maines argues, to inquire into particular conduct involved in committing the prior offense, citing *United States v. Sherbondy*, 865 F.2d 996, 1008–09 (9th Cir.1988), *inter alia.* Brief of Appellant at 35–39.

The government does not appear to object to the categorical approach analysis. It says that approach simply precludes a factual inquiry beyond the fact of conviction and the statute establishing the crime;

corporeal personal property therein being and then and there belonging to the said Injured Party from the possession of the said Injured Party, without the consent of said Injured Party, and with the intent then and there to deprive the said Injured Party, of the value of the same. . . ." Thus, the Information charged an offense including the element of theft. And the allegations of the Information came within the definition of " '[b]urglary' by breaking" in Article 1390 of the Texas Penal Code, which provid-

ed that one was guilty of burglary "who, with intent to commit a felony or theft, by breaking, enters a house in the daytime."

8. The district court's order recited statements of defendant's counsel in response to the judge's inquiry about his understanding that the 1973 Texas conviction "was a conviction of burglary of a residence?" Defense counsel replied: "That's correct, Your Honor, based upon a reading of the certified copy of the information in the case." Order at 4.

**1530**

and that here the district court complied with the approach by looking only to the fact of Maines' conviction and the language of the Information to find that there was a violent felony under § 924(e). The government cites no Texas statute in its analysis. Brief of Appellee at 24–27.

█ *Taylor* has resolved the basic issues, we feel. It approved the categorical approach of "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," citing the *Sherbondy* opinion of the Ninth Circuit with approval, *inter alia.* 110 S.Ct. at 2158. And, as noted, *Taylor* laid down the generic burglary definition within which we hold that Maines' 1973 Texas burglary conviction comes. It is true that the district court here went into details alleged in the Texas Information, arguably going into the underlying circumstances improperly, contrary to *Taylor.* We are not persuaded, however, that any prejudicial error was committed. In any event, the Texas burglary conviction was properly held by the district court to be a "violent felony" under § 924(e)(1), calling for sentence enhancement.

AFFIRMED.