930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester Eugene GAY, Defendant-Appellant.
 No. 90-5098.
 United States Court of Appeals, Tenth Circuit.
 March 27, 1991.
 
 Before McKAY, SETH and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On July 20, 1989, defendant-appellant Sylvester Eugene Gay pled guilty to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The district court classified Gay as a career offender under the Federal Sentencing Guidelines and sentenced him to 210 months imprisonment. Gay appeals pursuant to 18 U.S.C. Sec. 3742(a). His single argument on appeal is that the district court erred in finding that he had two prior felony convictions for crimes of violence necessary for sentence enhancement. For the reasons that follow, we affirm the sentence imposed by the district court.
 
 
 3
 The presentence report prepared for the district court determined that three of Gay's prior convictions could be considered "crimes of violence": (1) a 1970 juvenile conviction for robbery with a firearm, (2) a 1973 conviction for robbery with firearms, and (3) a 1980 conviction for attempted burglary and assault with a dangerous weapon. At the sentencing hearing, Gay did not dispute the 1973 robbery conviction. The district court found that Gay was granted post-conviction relief for the 1970 juvenile conviction and the conviction was dismissed. Gay's argument, therefore, centered on the 1980 conviction.
 
 
 4
 Gay claimed he received post-conviction relief for the 1980 charge. The probation officer preparing the presentence report found no factual evidence supporting such a claim in the initial report and in a separate addendum requested by the judge at sentencing. Gay argued, however, that a 1983 State of Oklahoma District Court order granting him post-conviction relief for his 1970 juvenile charge under Lamb v. Brown, 456 F.2d 18 (10th Cir.), applied retroactively to expunge the 1980 charge.
 
 
 5
 The district court found no merit to Gay's argument and used the 1980 charge and the undisputed 1973 charge as the basis for categorizing Gay as a career offender under Sec. 4B1.1 of the Guidelines. As a "career offender," Gay's offense level and criminal history category were raised from a level 17 and category VI imprisonment range of 51 to 63 months to a level 32 and category VI range of 210 to 262 months.
 
 
 6
 After the sentencing, Gay's court-appointed attorney filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, stating that the arguments proposed by appellant on appeal were frivolous. This court granted the motion and Gay continued this appeal pro se.
 
 
 7
 On appeal, Gay presents no new factual proof that he received post-conviction relief on the 1980 charge. Because the facts are undisputed and the issue on appeal involves the legal determinations made by the district court in applying the Guidelines, we review the question of law presented de novo. United States v. Vanderlaan, 921 F.2d 257 (10th Cir.); United States v. Maines, 920 F.2d 1525 (10th Cir.).
 
 
 8
 Section 4B1.1 of the Guidelines includes in its definition of a career offender a defendant who has at least "two prior felony convictions of either a crime of violence or a controlled substance offense." Both Gay's 1973 robbery with firearms and 1980 assault with a dangerous weapon convictions qualify as "crimes of violence" because they involve the use or attempted use of physical force against the person of another. See Guidelines Sec. 4B1.2(1). Gay does not dispute this classification.
 
 
 9
 Gay's argument focuses on the effect the post-conviction relief he obtained for his juvenile convictions has on subsequent felony charges. He contends that the 1983 court order granting post-conviction relief for his 1970 juvenile charge applied retroactively to erase all pre-1983 convictions including the two crimes of violence used to enhance his sentence. Appellant cites as authority for this proposition our decisions in Radcliff v. Anderson, 509 F.2d 1093 (10th Cir.), Bromley v. Crisp, 561 F.2d 1351 (10th Cir.), and Rutledge v. Sunderland, 671 F.2d 377 (10th Cir.).
 
 
 10
 Appellant misunderstands and misapplies the law regarding the retroactive application of post-conviction relief. In Lamb, we found that an Oklahoma statute treating 16- to 18-year-old males differently from 16- to 18-year-old females violated the equal protection clause. Radcliff retroactively applied Lamb to pre-1972 juvenile convictions. Under Radcliff, Gay's 1969 and 1970 convictions, which occurred in Oklahoma when he was between the ages of 16 and 18, were properly considered for post-conviction relief.
 
 
 11
 Gay now appears to argue that Radcliff somehow expanded our holding in Lamb and retroactively expunged all his adult convictions occurring prior to the date of post-conviction relief. This is incorrect. In Radcliff we stated "[t]he Lamb decision is the law of the circuit and we are concerned only with its retroactivity." Radcliff, 509 F.2d at 1094. Both Radcliff and Lamb affect felony convictions occurring while a male defendant is between the ages of 16 and 18. Neither opinion does anything to alter subsequent adult convictions.
 
 
 12
 Appellant cites to our later decisions in Bromley and Rutledge which do require resentencing when juvenile offenses, declared void under Lamb, were used to enhance punishment under recidivist statutes for later adult convictions. However, appellant does not argue that his juvenile sentences were improperly used to enhance his later adult sentences.
 
 
 13
 Nothing in Radcliff, Bromley or Rutledge gives appellant a "clean slate" as he suggests. There simply is no legal basis for the proposition that once a juvenile conviction is held to be invalid, all convictions occurring prior to the date of post-conviction relief are void.
 
 
 14
 We find that the district court conducted a thorough review of appellant's criminal history and properly applied the Guidelines. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3