Lee Thompson, U.S. Atty., D. Kan., Wichita, Kan., and Thomas G. Luedke, Asst. U.S. Atty., Topeka, Kan., for U.S.

O.W. Bobo, III, Topeka, Kan., for defendant.

**UNITED STATES of America, Plaintiff,**

**v.**

**William J. JOHNSON, Defendant.**

**No. 91–40008–01.**

United States District Court, D. Kansas.

Aug. 6, 1991.

MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's amended motion for specific performance of the plea agreement.

The procedural history of this action may be briefly summarized as follows. Defendant William J. Johnson ("defendant") was indicted on February 13, 1991, on one count of being a felon in possession of a firearm, and one count of making a false and fictitious statement in order to obtain a firearm in violation of 18 U.S.C. § 922(a)(6) and (g). On April 22, 1991, pursuant to a plea agreement, the defendant pled guilty to Count I of the Indictment. The government, in turn, agreed to dismiss Count II, and further agreed not to recommend a departure from the Sentencing Guidelines issued by the United States Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3553 *et seq.*

At the time defendant entered this guilty plea, both the government and the defendant were under the impression that defendant's sentence would range between 15 and 21 months as provided by the Sentencing Guidelines. Neither the government, nor the defendant had verified information that the defendant's record contained three predicate violent felonies. Further, in his guilty plea, the defendant stated that his attorney had informed him that the maximum punishment provided by law was ten (10) years imprisonment and a fine of $250,-000. Subsequently, following the preparation of a presentence report by a United States probation officer, it was verified that the defendant had a record containing three predicate violent felonies, which would subject the defendant to an enhanced penalty under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The government subsequently filed an Information on June 13, 1991, to apprise the defendant of the applicability of 18 U.S.C. 924(e) and its mandatory minimum sentence. Under § 924(e)(1), the defendant is subject to a statutory minimum sentence of 15 years without the possibility of parole.

At this time, neither the defendant nor the government disputes that the defendant's record contains the requisite number and type of predicate offenses which dictate the application of 18 U.S.C. § 924(e). Defendant and his attorney were informed in an amended presentence investigation report that under controlling law a mandatory minimum sentence of 15 years would be imposed by the court. Subsequently, on June 24, 1991, the date on which defendant was scheduled to be sentenced, the court informed the parties that defendant was indeed subject to a statutory minimum sentence of 15 years. The court then stated that the defendant would be allowed to withdraw his guilty plea. The case was then set to be tried on July 30, 1991. On July 17, 1991, defendant Johnson informed the court by letter that he had decided not to withdraw his guilty plea, and instead has moved for specific performance of the plea agreement.

Upon consideration of the parties' arguments and relevant authorities, the court finds that the defendant's motion for specific performance should be denied. Title 18, United States Code, Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Thus, if a defendant has been convicted of violating § 922(g), and has three previous convictions for violent felonies, that defendant shall be imprisoned not less than fifteen years, without the possibility of parole. 18 U.S.C. § 924(e)(1).

In this case, defendant pled guilty to violating 18 U.S.C. § 922(g) as alleged in Count I of the Indictment, in return, the government agreed "not to recommend a departure from the normal range in the Sentencing Guidelines issued by the United States Sentencing Commission under the Sentencing Reform Act." *See* Defendant's Plea Petition (Doc. 13). Thus, the only terms of the plea bargain agreement were that the government would dismiss Count II, and would not recommend a departure from the normal range in the Sentencing Guidelines. Accordingly, the defendant's sentence was ultimately left to the discretion of this court which would base its decision upon the presentence report prepared by the United States Probation Officer.

Defendant contends that he is entitled to specific performance on the basis of two arguments. First, defendant contends that the government has breached the plea bargain, and thus, the appropriate remedy is specific performance. Second, the defen-

dant contends that the original plea bargain is enforceable as it discussed the applicable guideline range for sentencing, notwithstanding the mandatory language of 18 U.S.C. § 924(e) to the contrary.

The court finds that defendant's arguments are without merit and must be denied. It is undisputed by the parties that at the time they entered into the plea bargain agreement, neither the government, nor the defendant, realized that the defendant had committed the requisite number of predicate offenses. Thus, at the time of entering into the plea bargain, both parties were mistaken as to a material fact. Further, at the time that defendant was to be sentenced on June 24, 1991, in view of this misunderstanding, the court offered the defendant the remedy of withdrawing his guilty plea, and proceeding to trial. The court offered the defendant this remedy, rather than specific performance, because in the court's evaluation, it simply lacks the authority to sentence the defendant to less than the statutorily-mandated minimum sentence of 15 years. The defendant rejected the court's offer.

The court has read and considered all of the cases cited by the defendant. Among the cases cited by the defendant are: *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 2148, 109 L.Ed.2d 607 (1990); *United States v. Gregg,* 803 F.2d 568, 570 (10th Cir.1986), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *United States v. Maines,* 920 F.2d 1525, 1526 (10th Cir.1990); *United States v. Silkwood,* 893 F.2d 245, 247 (10th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 2593, 110 L.Ed.2d 274 (1990); *United States v. Jackson,* 903 F.2d 1313 (10th Cir.), *rehearing granted,* 921 F.2d 985 (10th Cir.1990); *United States v. Gantt,* 659 F.Supp. 73, 79 (W.D.Pa.1987). While these cases may refer to sentencing under 18 U.S.C. § 924(e) as "enhanced" sentencing, none of these cases address the situation in which the preconditions to § 924(e) are clearly met, and thus, mandate a specific sentence. Rather, several of these cases discuss the issue of whether various predicate offenses qualify as predicate offenses within the meaning of § 924(e). *See e.g., United States v. Taylor,* 110 S.Ct. at 2148 (discussing the appropriate definition of "burglary" for purposes of determining whether an offense is a predicate offense); *see also United States v. Maines,* 920 F.2d at 1527–28; *United States v. Silkwood,* 893 F.2d at 247.

The court finds that these cases do not stand for the proposition that the court has the discretionary power to sentence defendant to less than the mandatory minimum sentence if the preconditions to such a sentence are met. Indeed, the court finds that *United States v. Anderson,* 921 F.2d 335, 337 n. 2 (1st Cir.1990), also cited by the defendant, stands for exactly the opposite conclusion, *i.e.,* that while prosecutorial discretion may provide a means to avoid sentencing under 924(e), judicial discretion could not produce such a result. The *Anderson* court specifically stated, "the language of the statute required the district judge to impose no less than the minimum mandatory sentence if the requisite preconditions were established." *Id.*

In the instant case, the requisite conditions of the statute were satisfied in the initial presentence report. However, the calculation of the recommended sentence to be imposed was erroneous because the report did not state that a mandatory minimum sentence was applicable to the defendant's sentence. Thus, had the court sentenced defendant in accordance with the recommendation of the original presentence report, the court's sentence would have been illegal, and in contravention of the Congressional mandate that the defendant be sentenced to a minimum of 15 years.

Further, the court finds that the government has not breached the plea agreement because the government's position was that it would not recommend any departure from the normal guideline range. The court finds that the government has not recommended a departure. Under the applicable Sentencing Guidelines, where the statutorily required minimum sentence is greater than the maximum guideline range, "the statutorily required minimum sentence shall be the guideline sentence."

U.S.S.G. § 5G1.1(b). Thus, in this case, the guideline range is the statutory minimum of 15 years. The government did not bring to the court's attention the existence of the three predicate offenses; these were contained in the original presentence report. Instead, the government simply apprised the court and the defendant of the applicable law prior to the imposition of defendant's sentence. Accordingly, in view of the foregoing, the court finds that defendant's reliance upon *United States v. Kurkculer*, 918 F.2d 295, 302 (1st Cir.1990) is misplaced because the government has not breached the plea agreement, and even if the government had breached the plea agreement, the court would not be able to offer the defendant the remedy of specific performance because any sentence less than 15 years would be an illegal sentence. Accordingly, the court must deny the defendant's motion for specific performance.

IT IS BY THE COURT THEREFORE ORDERED that the defendant's motion for specific performance is denied.