961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert Joel SAIZ, Defendant-Appellant.
 No. 91-2039.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 1
 Appeal from the United States District Court for the District of New Mexico, No. CR-90-251-JP.
 
 
 
 *
 
 
 
 
 2
 Teresa E. Storch, Assistant Federal Public Defender, Albuquerque, N.M., for defendant/appellant.
 
 
 3
 William L. Lutz, United States Attorney, Tara C. Neda, Assistant United States Attorney, Albuquerque, N.M., for plaintiff/appellee.
 
 
 4
 D.N.M.
 
 
 5
 AFFIRMED.
 
 
 6
 Before McKAY, Chief Judge, LOGAN, Circuit Judge, and SAM, District Judge.**
 
 
 7
 ORDER AND JUDGMENT***
 
 
 8
 DAVID SAM, District Judge.
 
 
 9
 Defendant/Appellant Gilbert Joel Saiz ("Defendant") was tried before a jury which returned a verdict of guilty on the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant filed a challenge to the application of the sentence enhancement provision of 18 U.S.C. § 924(e)(1) claiming that his 1981 conviction for aggravated burglary was constitutionally invalid. He also argued that his 1977 conviction for commercial burglary should not be considered a predicate offense since it did not involve entry into a dwelling. After a sentencing hearing, the trial court imposed sentence under 18 U.S.C. § 924(e)(1).
 
 
 10
 Defendant raises four issues on appeal. First, defendant urges that the prosecutor's remarks during closing argument regarding a convicted criminal's possession of a firearm was egregious misconduct warranting reversal of his conviction. Reversal is appropriate only if the argument was improper and the argument influenced the jury to return a verdict on grounds beyond the admissible evidence presented. United States v. Dickey, 736 F.2d 571 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985). Without elaborating on what is sufficiently set forth in the record, the court concludes that there was substantial evidence against the defendant. The court is also of the opinion that the lower court insulated defendant from prejudice by sustaining defense counsel's objections, commenting on the impropriety of the relevant statements, and repeating jury instructions that attorney's statements are not evidence. Based on the foregoing, we conclude that the isolated prosecutorial comment cannot be deemed to have improperly influenced the jury.
 
 
 11
 Defendant next contends that the evidence presented at trial was insufficient to support a verdict of guilty. In reviewing a claim of insufficient evidence, we "must decide whether a reasonable jury, viewing all evidence in the light most favorable to the government, could find the defendant guilty beyond a reasonable doubt." United States v. Cox, No. 89-1109, slip op. at 7 (10th Cir. May 24, 1991). Given the eyewitness testimony and the admissions of defendant, we conclude that the evidence against defendant would necessarily lead a reasonable jury to find guilt beyond a reasonable doubt.
 
 
 12
 Defendant next argues that a predicate offense for his sentence enhancement under 18 U.S.C. § 924(e) was constitutionally infirm because he received ineffective assistance of counsel in a 1981 conviction for aggravated burglary. We review the lower court's determination of effectiveness of counsel de novo. United States v. Pena, 920 F.2d 1509 (10th Cir.1990), cert. denied, 111 S.Ct. 2802 (1991). The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Strickland v. Washington, 466 U.S. 668, 689 (1984). The burden is upon the defendant to show that counsel's performance was deficient and that such deficiency resulted in actual prejudice. Id. at 687. After reviewing the record, we conclude, as did the lower court, that defendant has not met his burden of establishing the constitutional invalidity of his conviction.
 
 
 13
 Finally, defendant asserts that his conviction for commercial burglary is not an appropriate predicate offense under 18 U.S.C. § 924(e) because it did not involve entry of a dwelling. We review this issue de novo. United States v. Manes, 920 F.2d 1525 (10th Cir.1990), cert. denied, 112 S.Ct. 263 (1991). We find defendant's argument without merit because 18 U.S.C. § 924(e) contemplates a generic meaning of burglary. United States v. Taylor, 495 U.S. 575, (1990); United States v. Silkwood. 893 F.2d 245 (10th Cir.1989), cert. denied, 110 S.Ct. 2593 (1990).
 
 
 14
 For the above reasons, we AFFIRM defendant's conviction.
 
 
 
 *
 The parties agreed that oral argument was unnecessary and that the case could be submitted on the briefs. R.App.P. 34(f); 10th Cir.R. 34.1.2. The case, therefore, was ordered submitted without oral argument
 
 
 **
 The Honorable David Sam, Judge for the United States District Court for the District of Utah, sitting by designation
 
 
 ***
 This order and judgment has no precedential value and shall not be cited or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 363