67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. McCONNELL, Defendant-Appellant.
 No. 95-3086.
(D.C.No. 93-CR-40041)
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Michael Eugene McConnell (McConnell) appeals from the 180-month sentence imposed upon him, to run concurrently with a state court sentence, following his plea of guilty on December 1, 1994, to Count I of an indictment charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1) and 924(e)(1).
 
 
 3
 After the district court had conducted an evidentiary hearing leading to the court's Memorandum and Order denying McConnell's Motion to Suppress, the government filed an information notifying McConnell of the applicability of 18 U.S.C. 924(e)(1) by referencing to three (3) prior burglary convictions assessed against McConnell which would subject McConnell to the mandatory minimum sentence of fifteen (15) years and a maximum of life imprisonment as specified in 18 U.S.C. 924(e)(1). A presentence report was filed, calculating McConnell's guideline range to be 168 to 210 months incarceration. However, the application of the Armed Career Criminal Act subjected McConnell to not less than fifteen (15) years, causing his guideline range to be adjusted to 180 to 210 months incarceration. McConnell filed objections to the presentence report, challenging the use of the prior burglary convictions to enhance his sentence. The district court overruled McConnell's objections.
 
 
 4
 On appeal, McConnell argues that the district court erred in (1) denying his Motion to Suppress Evidence, and (2) in sentencing him as an Armed Career criminal.
 
 
 5
 In reviewing a district court's order denying a Motion to Suppress Evidence, we review the court's findings of fact under a clearly erroneous standard, United States v. McSwain, 29 F.3d 558, 560 (10th Cir.1994), and United States v. Wright, 932 F.2d 868, 878 (10th Cir.), cert. denied, 502 U.S. 962 (1991), but we review the court's ultimate determination of the reasonableness of a search under the Fourth Amendment de novo. United States v. Greenspan, 26 F.3d 1001, 1004 (10th Cir.1994) and United States v. Nicholson, 983 F.2d 983, 987 (10th Cir.1993). In reviewing the evidence, we must do so in the light most favorable to the district court's ruling. United States v. Soto, 988 F.2d 1548, 1551 (10th Cir.1993).
 
 
 6
 We have reviewed the record, including the entire transcript of the hearing on McConnell's Motion to Suppress held on August 23, 1994, together with the briefs on appeal. We hold that the district court did not err in denying the Motion to Suppress.
 
 
 7
 In reviewing a district court's order enhancing a sentence pursuant to 18 U.S.C. 924(e), our standard of review is de novo. United States v. Hill, 53 F.3d 1151 (10th Cir.1995) (en banc); United States v. Maines, 920 F.2d 1525 n. 4 (10th Cir.1990), cert. denied, 502 U.S. 894 (1991). We hold that the district court did not err in relying upon the three prior convictions of McConnell to enhance his sentence under 924(e).
 
 
 8
 We AFFIRM the district court's order denying McConnell's Motion to Suppress Evidence substantially for the reasons set forth in the district court's Memorandum and Order dated September 6, 1994, and we AFFIRM the district court's sentencing of McConnell as an armed career criminal by relying on McConnell's prior burglary convictions substantially for the reasons set forth in the district court's Memorandum and Order dated March 15, 1995.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470