UNITED STATES of America, Plaintiff–Appellee,

v.

Fred Leon BARNEY, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Clyde TROMBLEY, Defendant–Appellant.

Nos. 90–8094, 90–8101.

United States Court of Appeals, Tenth Circuit.

Jan. 27, 1992.

James H. Barrett of Cheyenne, Wyo., for defendant-appellant Barney.

Gay Woodhouse, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., and Maynard D. Grant, Sp. Asst. U.S. Atty., with her on the brief), Cheyenne, Wyo., for plaintiff-appellee in No. 90–8094.

Robert A. Hampe of Cheyenne, Wyo., for defendant-appellant Trombley.

Richard A. Stacy, U.S. Atty., and Gay Woodhouse, Asst. U.S. Atty., for plaintiff-appellee in No. 90–8101.

Before SEYMOUR and EBEL, Circuit Judges, and MATSCH,* District Judge.

SEYMOUR, Circuit Judge.

Fred Barney and Claude Trombley separately appeal sentences imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924 (1988).[1] Each man was sentenced to serve 15 years in prison in accord with the enhancement provisions of the statute. *Id.* Both men contend that the district court erred in counting their Wyoming burglary convictions toward enhancement under section 924(e)(2)(B)(ii), arguing that the state burglary statutes under which they were convicted do not fall within the meaning of the word "burglary" in the ACCA. We vacate Mr. Barney's sentence, and remand for resentencing. We affirm Mr. Trombley's sentence.

## I.

Both Mr. Barney and Mr. Trombley were convicted as felons in possession of firearms in violation of the ACCA. 18 U.S.C. § 922(g) (1988). A defendant convicted under this section is subject to imprisonment for not more than ten years. *Id.* § 924(a)(2). This sentence is subject to enhancement under section 924(e) if the defendant has had three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). The relevant statutory section defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that— ... (ii) is burglary...." *Id.* § 924(e)(2)(B).

In the instant cases, defendants' sentences were enhanced to fifteen years on the basis of three prior Wyoming convictions for burglary. In support of its motion for enhancement of Mr. Barney's sentence, the Government offered his convictions for two burglaries on September 2, 1980, and one burglary on October 17, 1985,[2] each based on a guilty plea. Rec.,

---

* The Honorable Richard P. Matsch, United States District Judge, District of Colorado, sitting by designation.

1. Although the cases were not consolidated, we have chosen to resolve them in one opinion because of the similarity of the legal questions involved.

2. The presentence report also mentions a California burglary conviction and a Michigan conviction for possession of marijuana. The Government did not notice these convictions nor rely upon them as predicate offenses supporting its motion for enhancement. Brief of Appellee at 9 n. 2. Mr. Barney contends that the district court improperly relied upon these convictions for enhancement purposes. Appellant's Principal Brief at 12. The transcript of the sentencing hearing supports Mr. Barney's contention. Rec., vol. II, at 51. The use of non-noticed convictions as predicate for enhancement raises significant due process concerns, and such an approach is not urged by either party to this appeal. We therefore consider only the three Wyoming convictions discussed in the text.

supp. vol. I, doc. 34; Addendum to Brief of Appellee at exhibit 1, C, D. In support of enhancement of Mr. Trombley's sentence, the Government offered Mr. Trombley's convictions of burglary on April 1, 1983, and July 29, 1985, rec., vol. I, doc. 49, and of breaking and entering on September 16, 1966. *Id.* All of these crimes took place in Wyoming, and each conviction was supported by a guilty plea. *Id.*

## II.

■ As a preliminary matter, this court has previously decided that review of sentence enhancement under section 924 is a legal issue subject to de novo review. *United States v. Maines,* 920 F.2d 1525, 1527 n. 4 (10th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 263, 116 L.Ed.2d 216 (1991). We review the entire record and supporting documentation to determine the legitimacy of the sentences imposed below. The question common to both appeals is whether the enhancements were proper given the broad definition of burglary in the applicable Wyoming statutes, and the more narrow definition of burglary attached to the ACCA by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In approaching this question, we follow the analytic framework adopted by the Court in *Taylor. Id.* at 110 S.Ct. 2160.

The statute's use of the term "burglary" without definition is problematic. *See United States v. Silkwood,* 893 F.2d 245, 249–250 (10th Cir.1989) (defining burglary for purposes of the enhancement provision), *cert. denied,* 496 U.S. 908, 110 S.Ct. 2593, 110 L.Ed.2d 274 (1990). The statutory language led some circuits to conclude that any conviction denominated "burglary" by the convicting state could serve as a predicate for enhancement. *See United States v. Leonard,* 868 F.2d 1393, 1395 (5th Cir.1989), *cert. denied,* 496 U.S. 904, 110 S.Ct. 2585, 110 L.Ed.2d 266 (1990); *United States v. Portwood,* 857 F.2d 1221, 1223–1224 (8th Cir.1988), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2073, 104 L.Ed.2d 638 (1989). Consequently, those courts unfairly assessed whether a particular conviction

could be used for enhancement purposes based on the label assigned to an offense rather than on its elements. *See Taylor,* 110 S.Ct. at 2153. In response to this danger, the Court in *Taylor* held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 2158.

■ In determining whether a person has been convicted of a crime which may be counted toward enhancement under *Taylor,* a court must employ a "categorical approach," rather than inquire into underlying facts. *Id.* at 2159. This requires a comparison of the elements of the relevant state statute with the basic elements of burglary identified in the *Taylor* decision. *Id.* If the relevant statute is in substantial accord with the definition adopted in *Taylor,* the conviction may be used for enhancement purposes. If, however, the statute "define[s] burglary more broadly, *e.g.,* by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings," then a conviction obtained under such a statute may not, except in narrowly defined circumstances, be counted toward enhancement. *Id.* at 2158–2160. Our first step therefore is to determine whether the statutes under which Mr. Barney and Mr. Trombley were convicted comport with the generic definition of burglary adopted by the *Taylor* court. *See, e.g., Maines,* 920 F.2d at 1528.

■ Both defendants' sentences were enhanced in part on the basis of Wyoming Statute section 6–7–201. Mr. Barney was convicted of two 1980 offenses under this statute and Mr. Trombley was convicted of a 1982 offense under this statute. The statute provides that:

"(a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be

imprisoned not more than fourteen (14) years:

(i) Any building or dwelling; or

(ii) An enclosed railroad car; or

(iii) An enclosed portion of any automobile, vehicle, or aircraft; or

(iv) A locked enclosed cargo portion of a truck or trailer; or

(v) A room within any of the above."

Wyo.Stat. § 6–7–201 (1977). While this Wyoming statute contains the elements that make up the *Taylor* definition of burglary, it defines burglary more broadly than does *Taylor*. Consequently, convictions obtained under this statute may not, as a categorical matter,. provide the basis for enhancement under the ACCA. *See United States v. Payton*, 918 F.2d 54, 55 (8th Cir.1990) (Iowa burglary statute, which included boats and railroad cars, too broad to count automatically toward enhancement under *Taylor* without further specific information).

■ Both men also had convictions under Wyoming Statute section 6–3–301 counted toward enhancement. Mr. Barney was convicted of a 1985 violation of section 6–3–301, and Mr. Trombley was convicted of a 1985 offense. This statute provides: "A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or *vehicle*, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein." Wyo.Stat. § 6–3–301(a) (1988) (emphasis added). Consequently, this statute also defines burglary too broadly for a conviction obtained under its provisions to support enhancement under *Taylor*. Unauthorized entry of a vehicle with the requisite intent constitutes burglary under the Wyoming statute, but is not burglary within the definition adopted in *Taylor*. *See* 110 S.Ct. at 2158–2159.

■ Finally, the district court counted Mr. Trombley's 1966 conviction toward enhancement. The parties agree it is not clear from the order in the 1966 case which statute provided the basis for Mr. Tromb-

ley's conviction. The Government urges two potentially applicable statutes upon this court. Wyo.Stat. §§ 6–129, –130 (1957). Section 6–129 was succeeded by and included the same elements as section 6–7–201, discussed above, and is too broad for the same reasons. Similarly, section 6–130 is too broad because while it required unlawful breaking and entering it included railroad cars and did not require that the perpetrator harbor an intent to commit a separate crime.[3] Since both proffered statutes defined burglary more broadly than does *Taylor*, we reject the Government's contention that, purely as a categorical matter, the 1966 conviction was properly counted toward enhancement of Mr. Trombley's sentence.

### III.

■ There is more to our analysis, however. *Taylor* allows "the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary." 110 S.Ct. at 2160.

> "For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the *indictment or information and jury instructions show* that the defendant was charged only with a burglary of a building, *and that the jury necessarily had to find an entry of a building to convict*, then the Government should be allowed to use the conviction for enhancement."

*Id.* (emphasis added).

■ We join other circuits which have considered this question in holding that where enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of *Taylor*'s generic definition. *United States v. Sweeten*,

---

**3.** The statute provided: "Whoever, at any time, unlawfully breaks and enters, or attempts to unlawfully break and enter, into any locked or sealed dwelling house, office, storehouse, ... car factory, ... [or] railroad car ... is guilty of a felony...." Wyo.Stat. § 6–130.

933 F.2d 765, 769–770 (9th Cir.1991); *United States v. Cornelius*, 931 F.2d 490, 494 (8th Cir.1991); *United States v. Gallman*, 907 F.2d 639, 645 n. 7 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991). We do not hold, however, that the sentencing court determining enhancement may rely on the presentence report. To the extent that the district court considered convictions of Mr. Barney not noticed and only mentioned in the presentence report, it erred.

■ Where there is no doubt that a defendant's prior convictions actually represent conduct within the federal definition of burglary, it is appropriate for the court to count the prior conviction toward enhancement. *See Taylor*, 110 S.Ct. at 2160. So here, if either defendant pled guilty to charges supported by informations which satisfy *Taylor*'s definition, those convictions could properly count toward enhancement. We consider this possibility next.

### A.

■ The Government argues that because the information underlying Mr. Barney's 1985 conviction includes four counts of burglary, each of which involved breaking and entering a building with the requisite intent, conviction on the one count to which Mr. Barney pled guilty can properly be used for enhancement purposes. Brief of Appellee at 23–24. We agree. Each of the counts of the 1985 information fulfills the *Taylor* definition. For example, Count I charges that Mr. Barney "did unlawfully enter or remain in a building or occupied structure or separately secured portion thereof, to wit: Senior Citizen's office, without authority and with the intent to commit a larceny therein...." Addendum to Brief of Appellee at exhibit 1. The relevant language of the other three counts is identical. As is discussed above, the categorical problem with section 6–3–301,

under which the 1985 conviction was obtained, is its inclusion of vehicles among the places that can be burglarized. The information surmounts this obstacle by making clear that none of the four counts alleged burglary of a vehicle.[4]

■ However, Mr. Barney's two 1980 convictions may not be counted toward enhancement. As with the 1985 conviction, once we decide that the statute is too broad, we look to the underlying information and guilty plea to determine whether the specific offense comports with *Taylor*'s generic definition of burglary. Both 1980 informations indicate that Mr. Barney entered a back room of a building. Rec., supp. vol. I, pleading No. 34, exhibits A & B. One provides that Mr. Barney "did unlawfully feloniously and intentionally, with intent to steal therein, enter a back room of a building, to-wit: Mode–O–Day building ... without the consent of the person in lawful possession thereof." *Id.* at exhibit A. The other states that Mr. Barney "did unlawfully feloniously and intentionally, with intent to steal, enter a building, to-wit: The Dairyland Drive–In ... without the consent of the person in lawful possession thereof, and did enter a portion of said building that is off limits to the general public." *Id.* at exhibit B. In both cases, it is not clear whether Mr. Barney's initial entry of the building was unlawful or unprivileged. On the face of the informations, he could have entered either building lawfully and *then* entered a back room, or he could have entered either building unlawfully through a back room.[5]

Thus, neither the Mode–O–Day nor Dairyland information establishes that Mr. Barney *necessarily* pled guilty to the required elements of burglary. Not only is there no indication of a breaking into either building, but a back room is not a "building or structure." *Taylor*, 110 S.Ct. at 2158. Consequently, it is not clear from either

---

4. Depending on the statute at issue the level of specificity required in an information will vary. In all cases, it must establish, without question, that the conviction fulfills the elements required by *Taylor* in order for the conviction to count toward enhancement.

5. The use of the phrase "off limits to the general public" in the Dairyland information suggests that Mr. Barney's entry of that portion of the building was from a portion of the Dairyland open to the general public.

information that Mr. Barney pled guilty to conduct which falls without question within the ambit of *Taylor*'s generic definition. In the absence of clarity, *Taylor* bars sentencing courts from engaging in detailed fact finding concerning the specific felony, and prevents convictions under a non-conforming statute from being employed for enhancement purposes. *Id.* at 2159.

Because only one of Mr. Barney's prior convictions may properly be used for sentence enhancement under 18 U.S.C. § 924(e), we vacate the enhancement of his sentence and remand for resentencing in accord with this opinion. *See United States v. Throneburg*, 921 F.2d 654, 658–659 (6th Cir.1990) (vacating enhancement under § 924 when required convictions were obtained under overly broad statute).

### B.

■ The above analysis yields a different result in Mr. Trombley's case. While the same Wyoming statutes are at issue, the underlying informations are more precisely drawn and reveal that the three convictions advanced by the Government in support of enhancement fall within *Taylor*'s definition of burglary. The information supporting Mr. Trombley's 1966 conviction states that he did "unlawfully, wilfully and feloniously break and enter into that certain building and place of business known as the Smoke House ... to commit a felony." Rec., vol. I, doc. 49. The information underlying the 1983 conviction states that Mr. Trombley "did unlawfully ... and intentionally enter a building or dwelling without the consent of the person in lawful possession, to-wit: a residence located at 2307 E. 10th Street, Casper, Natrona County, Wyoming, belonging to one Chris Jones, with the intent to steal therein." *Id.* Finally, the information supporting the 1985 conviction states that Mr. Trombley "did unlawfully enter a building without authority and with the intent to commit a larceny therein." *Id.* In each case, Mr. Trombley pled guilty to the elements required under *Taylor*.

Consequently, while the statutes are impermissibly broad, the informations governing Mr. Trombley's convictions enable us to determine that the district court's use of the enhanced penalty provision of the ACCA was appropriate. As a result, we affirm the judgment of the court below enhancing Mr. Trombley's sentence under 18 U.S.C. § 924(e).

### IV.

Accordingly, we VACATE the enhancement of Mr. Barney's sentence and REMAND for resentencing in accord with this opinion, and we AFFIRM the district court's enhancement of Mr. Trombley's sentence.