**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 6/27/96**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHNNY DALE CHINN,

      Defendant - Appellant.

No. 95-5205
(D.C. No. 95-CR-20-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

On direct appeal of his conviction for being a felon in possession of a

firearm, see 18 U.S.C. § 922(g), Johnny Dale Chinn argues that the United States

Sentencing Commission exceeded its statutory authority when it promulgated U.S.S.G. §

2K2.1. That guideline, which applies to crimes involving unlawful possession of

firearms, provides for a base offense level of 20 when the defendant "had one prior felony

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction . . . of a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A).  Chinn argues that his Colorado conviction for conspiracy to commit robbery is a "crime of violence" but not a "violent felony" as contemplated by Congress when it directed the Commission to create the guideline at issue.  See Violent Crime Control and Law Enforcement Act of 1994, P.L. 103-322, § 110513, 108 Stat. 1796, 2019 (1994).  Because the Commission improperly substituted the phrase "crime of violence" for "violent felony" in the Guideline, Chinn urges that we declare the Guideline invalid and remand the case for resentencing.  We decline to do so.

We will declare invalid provisions of the Sentencing Guidelines shown to be in conflict with Congress' mandate to the agency.  United States v. Novey, 78 F.3d 1483, 1491 (10th Cir. 1996), cert. filed, __ U.S.L.W. ____ (Apr. 29, 1996) (No. 95-8791).  However, because the arguments presented to this court were not raised at sentencing, we apply the plain error standard of review.  Fed. R. Crim. P. 52(b); United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994).  Under this standard, "the error must have been both obvious and substantial" to require reversal.  Id. (quotation omitted).

Congress directed the Commission to enhance § 922(g) penalties when the prior offense was a "violent crime" as defined in 18 U.S.C. § 924(e)(2)(B).  It is not obvious that the term "crime of violence" as used in the Sentencing Guidelines is so different from the statutory term "violent crime" that we must find the guideline invalid.  Both terms describe an offense, punishable by imprisonment for a term of one year or more, that has

as an element the attempted, threatened, or actual use of force against a person, or is the crime of burglary, arson, or extortion, or is a crime involving explosives or a serious risk of physical harm to another. See U.S.S.G. § 4B1.2; 18 U.S.C. § 924(e)(2)(B); see also U.S.S.G. § 2K2.1, comment. (n.5) ("crime of violence" for purposes of this guideline is defined in § 4B1.2). The First Circuit has held that the terms "violent felony" and "crime of violence" as used in § 924(e)(2)(B) and § 4B1.2 are "the same in all material respects." United States v. Bell, 966 F.2d 703, 704 (1st Cir. 1992). Even if we were inclined to disagree, we could not say that the difference between the terms is so plain as to require reversal.

In any event, we are persuaded that Chinn's prior conviction meets the definition of a violent felony. "[W]here enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine" whether the prior conviction was for a violent felony. United States v. Barney, 955 F.2d 635, 639 (10th Cir. 1992). We have studied the record and conclude that Chinn's prior conviction meets the definition of a violent felony, as the "overt act" required to prove a conspiracy under Colorado law, Colo. Rev. Stat. § 18-2-201, was in this case the robbery itself. See Barney, 955 F.2d at 640 (enhancement proper when information supporting conviction indicated defendant burglarized a building). We express no opinion as to whether a prior conviction under § 18-2-201 will always qualify as a violent felony.

The district court did not commit an "obvious and substantial" error that would require reversal even in the absence of a timely objection.  <u>Gerber</u>, 24 F.3d at 95.  We AFFIRM the defendant's sentence.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge