**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFFORD CHARLES WEEDEN,

Defendant-Appellant.

No. 96-6313
(D.C. No. CR-95-98-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Clifford Charles Weeden appeals his sentence following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal defendant alleges the following: (1) his sentence was enhanced under 18 U.S.C. § 924(e) with inadequate notice given to him in violation of his right to due process; (2) his prior convictions for trafficking in illegal drugs and attempted robbery should not have been used to enhance his sentence; and (3) the district court improperly found that he possessed the firearm in connection with a controlled substance offense, and therefore erroneously assigned him an offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A). A review of the record reveals the district court did not use the attempted robbery conviction to enhance the defendant's sentence; we therefore review his remaining contentions.

## I. NOTICE OF 1971 CONVICTION

Defendant first contends that the government gave him inadequate notice of its intention to use a 1971 California robbery conviction to enhance his sentence. "We review de novo a sentence enhancement imposed pursuant to § 924(e). The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate." United States v. McMahon, 91 F.3d 1394, 1397 (10th Cir.), cert. denied, 117 S. Ct. 533 (1996) (citations omitted).

Prior to sentencing, the government filed and served on defendant a notice that it would be seeking enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)(ACCA). This notice identified three previous convictions which the government intended to use: a 1989 Oklahoma conviction (referred to in both parties' briefs as a "1988 conviction," but actually filed in 1989) for trafficking in illegal drugs; a 1977 California conviction for attempted robbery; and a 1965 California robbery conviction. The notice further provided that "if any of the three (3) enumerated violent and serious drug convictions are legally insufficient to sustain the enhanced penalties, the government shall file other appropriate qualifying predicate convictions." R. Vol. I, doc. 26 at 3. At sentencing on August 26, 1996, the government did not rely on or introduce evidence about the 1977 attempted robbery conviction detailed in its notice, but instead introduced, over defendant's objection, evidence of a 1971 California robbery conviction. The district court used the 1971 conviction as one of three requisite prior convictions for imposition of the enhancement.

The issue here is not whether defendant received notice of the government's intention to use the 1971 conviction for enhancement. The government provided such actual notice, in its brief in response to defendant's 28 U.S.C. § 2255 motion, which it filed and served on the defendant on May 21, 1996, over three months prior to sentencing. See R. Supp. Vol. I, doc. 52 at 6.

-3-

Rather, the issue presented is whether due process principles bound the government to use only those predicate felonies which it had specifically identified in the formal notice pleading. Relying on United States v. Barney, 955 F.2d 635 (10th Cir. 1992), defendant contends that once the government files a formal notice specifying particular convictions to be used for enhancement purposes, it is bound by the notice and cannot substitute other convictions for those specified.

In Barney, this court remarked that "[t]o the extent that the district court considered convictions of [the defendant] not noticed and only mentioned in the presentence report, it erred." Id. at 640. This remark must be considered in context, however. The Barney court was faced with the issue of what evidence the district court may rely upon in determining whether a defendant's conviction for "burglary" is a "violent felony" for purposes of § 924(e) enhancement. This question arose during the court's application of the categorical approach described in Taylor v. United States, 495 U.S. 575 (1990).

The categorical approach requires, as an initial step, a comparison of the elements of the relevant state statute with the basic elements of "burglary," as identified in the Taylor decision. See Barney, 955 F.2d at 638. If the relevant statute is in substantial accord with Taylor's definition of burglary, the conviction may be used for enhancement purposes. See id. If, however, the state statute

defines burglary too broadly to support enhancement as a categorical matter, the categorical approach still allows the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where the defendant has pled guilty to all the elements of "burglary" within Taylor's definition.  See id. at 639.  In determining whether a conviction falls within that narrow range of cases, the Barney court explained, the district court may examine the underlying indictment or information and the defendant's guilty plea.  See id.  The court went on to remark, in the dictum cited by defendant in this case, that the district court could not, however, rely on convictions "only mentioned in the presentence report."  Id. at 640.

Taken in context, then, we read the Barney court's remark to mean that a court seeking to determine whether the defendant was convicted of conduct which falls within the ambit of Taylor's generic definition cannot rely solely on evidence of that conduct contained in the presentence report.  There must be some other evidence presented, such as the underlying indictment or information, or the text of the guilty plea, from which the court may determine the nature of the defendant's conduct.  The incidental mention, in the remark cited, of "lack of

notice" to the defendant of such convictions clearly is dicta,[1] and is not binding on this panel.

Authority from this circuit and from other circuits supports the notion that actual notice of the government's intent to use a predicate conviction is sufficient notice to the defendant. Indeed, in United States v. Johnson, 973 F.2d 857, 860 (10th Cir. 1992), this court, noting the compulsory "shall" used in § 924(e)(1), stated that if it comes to the court's attention that the defendant meets the requirements of the subsection, "[t]he sentencing court may invoke the enhancement sua sponte, without a request by the government." In fact, the court meant that the court must invoke the enhancement. Other courts have more specifically addressed the notice issue as it pertains to specific prior convictions. See, e.g., United States v. Mauldin, 109 F.3d 1159, 1162-63 (6th Cir. 1997) ("[Defendant] contends that the government should be bound by its original notice [which incorrectly listed a prior conviction as carrying a maximum term of only six years]. The government correctly points out that the ACCA does not require notice prior to enhancement."); United States v. Gibson, 64 F.3d 617, 626 (11th Cir. 1995), cert. denied, 116 S. Ct. 1580 (1996) (holding that defendant "received

---

[1]     That this statement is dicta is revealed by the court's caveat, earlier in Barney, that "[t]he use of non-noticed convictions as predicate for enhancement raises significant due process concerns, [however,] such an approach is not urged by either party to this appeal. We therefore consider only the three [noticed] convictions discussed in the text." Barney, 955 F.2d at 637 n.2 (emphasis added).

reasonable notice of his prior convictions and an opportunity to challenge them to satisfy due process" where "[a]lthough the government listed only one prior conviction in the indictment . . . the government filed a response to the district court's standing discovery order prior to sentencing" which "included a print-out of [defendant's] prior criminal history and copies of each information and judgment filed in state court relating to three of [defendant's] prior state convictions"); United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir. 1992) ("We . . . find no support for the contention that the predicate felonies must be alleged in some formal notice pleading."). Following the general rationale expressed in these cases, we hold that failure to mention the 1971 conviction in the formal notice pleading did not prevent the use of that conviction as a predicate for enhancement, where the defendant had sufficient, actual notice, prior to sentencing, of the government's intention to use the conviction for enhancement purposes.

## II. "SERIOUS DRUG OFFENSE"

Defendant contends that the district court improperly used a 1989 Oklahoma drug trafficking conviction to enhance his sentence. The district court found that the conviction was for a "serious drug offense" within the scope of § 924(e)(1). A "serious drug offense," for purposes of enhancement, includes an offense under state law which involves "manufacturing, distributing, or

possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Defendant contends that the government failed to show that the Oklahoma "trafficking" offense carried a maximum term of imprisonment of ten years or more.

In determining whether a particular drug conviction is a proper predicate for enhancement, we again use the categorical approach, focusing on the fact of the conviction and its statutory definition. See McMahon, 91 F.3d at 1398. This approach requires us to compare the elements of the relevant state statute with the definition of a predicate offense contained in the ACCA.

At sentencing, the prosecution introduced into evidence a certified copy of the judgment and sentence on defendant's guilty plea to the trafficking offense. The judgment and sentence indicates that he received a sentence of twenty years[2]

---

[2]    It would seem, at first glance, that since defendant received a sentence of twenty years, the crime for which he was sentenced must provide for a maximum sentence of at least ten years. Defendant contends, however, that it is possible that a portion of his sentence was attributable to a sentence enhancement. He notes that for purposes of assigning a career offender offense level, enhancements are not counted in determining whether a previous crime carries a maximum sentence of ten years or more. See U.S.S.G. § 4B1.1, comment 2. Even assuming that this principle also applies to enhancements under the ACCA, we affirm for the reasons stated. Oklahoma's "trafficking in illegal drugs" statute contains its own enhancement provisions, which we need not consider, because even without enhancement, the offense carries a maximum term in excess of ten years. See Okla. Stat. tit. 63 § 2-415(D).

for "trafficking in illegal drugs." R. Vol. II, doc. 26 at Ex. A. It does not, however, specify the statutory section under which defendant was convicted. See id. Defendant contends that this omission prevented application of the categorical approach, and hence, application of the enhancement. We disagree.

"[I]t is important that the sentencing court and the appellate court be certain of the specific statutory sections under which the defendant previously was convicted; all too often a popular description of a prior offense will not enable the court to determine whether the relevant statute falls within the coverage of § 924(e)(1)." United States v. Potter, 895 F.2d 1231, 1238 (9th Cir. 1990). In determining under which specific statute the defendant was convicted, however, this court may rely on "clearly reliable evidence" in the record, see id., including the judgment of conviction, see United States v. Watkins, 54 F.3d 163, 168 (3d Cir. 1995).

The government contends that defendant was sentenced under Okla. Stat. tit. 63, § 2-415(A), which specifically provides that "[v]iolation of this section shall be known as 'trafficking in illegal drugs.'" Defendant points us to no other Oklahoma statute containing an offense of similar description. Section 2-415(D)(1) provides that trafficking in illegal drugs is punishable by a term of not less than twice the term of imprisonment provided for in title 63 § 2-401.

Section 2-401(B) provides for various sentences, depending on the type of substance which was trafficked.[3]  However, the minimum "maximum term" in § 2-401(B) pertaining to any of the controlled substances listed, when doubled for trafficking, exceeds ten years; that is, the smallest "maximum term" possible is ten years.  We conclude that the government has demonstrated, by a preponderance of the evidence, that the 1989 Oklahoma drug trafficking offense carried a maximum sentence of ten years or more.  The district court correctly used this conviction in applying the ACCA enhancement.

### III. FIREARM/CONTROLLED SUBSTANCE OFFENSE

In his final claim of error, defendant asserts that the district court improperly assigned him an offense level of 34, because it incorrectly found that he "used or possessed" a firearm "in connection with" a controlled substance offense.  See U.S.S.G. § 4B1.4(b)(3)(A).  The evidence at sentencing showed that when officers entered defendant's trailer to execute a search warrant, they found a "riot-type" shotgun loaded with slugs leaning against the wall, within two feet of the chair where defendant was sitting.  The district court concluded that the shotgun "was being used[4] in connection with the defendant's distribution of

---

[3]    There is some indication in the presentence report that the 1989 offense involved trafficking in methamphetamine.  We have found no more specific indication in the briefs or the record concerning what substance was trafficked.

[4]    Although the district court employed the term "used" rather than

(continued...)

-10-

drugs," R. Vol. III at 36, adopted the conclusion in the presentence report that the shotgun was possessed during and in connection with the possession of methamphetamine, and therefore assigned the 34 offense level.

Cases discussing the scope of the term "during and in relation to," as used in 18 U.S.C. § 924(c)(1), provide guidance in applying the "in connection with" test used in § 4B1.4(b)(3)(A). Cf. United States v. Gomez-Arrellano, 5 F.3d 464, 466 (10th Cir. 1993) (interpreting similar provision in U.S.S.G. § 2K2.1(b)(5)). The Supreme Court has indicated that the "in relation to" term, used in § 924(c)(1), is to be interpreted expansively. See Smith v. United States, 508 U.S. 223, 237 (1993).

Defendant argues that since he did not actually deal drugs out of his trailer, the shotgun could not have been used or possessed "in connection with" a drug offense. A firearm is possessed in connection with a drug offense if it facilitates or has the potential to facilitate the offense. Cf. Gomez-Arrellano, 5 F.3d at

_____

[4](...continued)
"possessed" when discussing the enhancement, we do not understand defendant to be arguing that our consideration is limited to whether the defendant "used" the shotgun. In his brief, defendant argues that application of the offense level "was based on the court's finding that Mr. Weeden possessed the firearm . . . . Mr. Weeden did not possess the firearm in connection with a controlled substance offense." Appellant's Br. at 19 (emphasis added). Moreover, this court may affirm on the basis of the defendant's "possession" of the firearm, if supported by the evidence, even if the district court relied only on "use." See United States v. Polanco, 93 F.3d 555, 566 (9th Cir.), cert. denied, 117 S. Ct. 405 (1996).

466-67 (discussing "in relation to" test). Although the district court stated at sentencing that defendant possessed the shotgun in connection with drug "distribution," it also adopted the presentence report, which called for enhancement based on possession of the firearm in connection with drug "possession." Possession with intent to distribute is a "controlled substance offense" which will support enhancement under U.S.S.G. § 4B1.4(b)(3)(A). See U.S.S.G. § 4B1.2(2). We may affirm defendant's sentence for any reason which appears in the record, including reasons other than those relied upon by the district court, provided they are supported by the record. See United States v. Myers, 106 F.3d 936, 941 (10th Cir.), cert. denied, 1997 WL 250766 (U.S. June 9, 1997). We will therefore affirm if the evidence shows that the shotgun was possessed in connection with defendant's possession of methamphetamine with intent to distribute.

At defendant's sentencing hearing, Officer Damrom, who investigated defendant, detailed his drug distribution scheme. He explained that defendant did not use the trailer as a residence; rather, it was used only in connection with his drug distribution activities. He further explained that officers found two and one half ounces of methamphetamine in defendant's trailer, "in various states of packaging for distribution." Id. Vol. III at 22. He voiced the opinion of officers at the scene that defendant kept the shotgun at his trailer "as an intimidation

-12-

factor" to protect his drug operation, id. at 26, and that the gun, loaded with slugs, was particularly useful for self-defense in close quarters.

In United States v. Hallum, 103 F.3d 87, 89 (10th Cir. 1996), cert. denied, 117 S. Ct. 1710 (1997), we denied downward departure to defendants who were unable to show that they did not "possess" a firearm or other dangerous weapon "in connection with" the manufacture and distribution of marijuana. The gun involved in that case was a rifle found in a vehicle parked 200 to 300 yards from the defendants' marijuana patch. See id. The defendants were arrested as they carried duffle bags containing marijuana from the patch to their vehicles. See id. The fact that defendant Hallum testified that he had the gun for "protection" was sufficient to establish proximity of the firearm to the offense. See id. We conclude that even if the actual dealing of drugs did not take place at defendant's trailer, the government showed, by a preponderance of the evidence, that the firearm (1) was possessed (2) "in connection with" defendant's drug possession with intent to distribute so as to justify application of § 4B1.4(b)(3)(A).

Defendant also argues that he did not actively "use or possess" the shotgun in connection with his drug offenses. He contends that we should analogize the "possess" element of § 4B1.4(b)(3)(A) to the Supreme Court's restrictive interpretation of the "use" language of 18 U.S.C. § 924(c)(1) in Bailey v. United States, 116 S. Ct. 501 (1995). We recently rejected a similar argument

concerning nearly identical language in U.S.S.G. § 5C1.2(2). <u>See</u> <u>Hallum</u>, 103 F.3d at 89 (noting that "possession" has broader meaning than "use" construed in <u>Bailey</u>). The same reasoning applies here, and we therefore reject defendant's <u>Bailey</u> argument.

## IV. CONCLUSION

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge