**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN MOISES TORRES-
GONZALEZ,

Defendant-Appellant.

No. 00-3068
(District of Kansas)
(D.C. No. 99-CR-20026-KHV)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant, Juan Moises Torres-Gonzalez ("Torres"), pleaded guilty to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court concluded that Torres had previously been deported after conviction for an aggravated felony and, consequently, increased Torres' offense level by sixteen levels pursuant to § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines ("U.S.S.G."). Torres was sentenced to a term of seventy-seven months' incarceration. Torres appeals the sentence imposed by the district court. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** .

On December 3, 1996, in the Superior Court of San Bernardino County, California, Torres pleaded guilty to one count of commercial burglary and was sentenced to sixteen months' imprisonment. Torres was deported on November 26, 1997. On May 17, 1999, Torres pleaded guilty to one count of illegal reentry after deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to U.S.S.G. § 2L1.2, Torres' base offense level was calculated at eight. Torres' offense level was then increased by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) which provides:

> (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

(A)    If the conviction was for an aggravated felony, increase by **16** levels.

The term "aggravated felony" is defined by reference to 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, cmt. n.1. An aggravated felony is defined, *inter alia*, as "a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The district court concluded that Torres' California burglary conviction fell within the definition of aggravated felony and, thus, imposed the sixteen-level increase.

The sole issue raised by Torres in this appeal is that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Torres contends that the prior crime upon which the increase was based was not a burglary offense under 8 U.S.C. § 1101(a)(43)(G) and, thus, is not an aggravated felony for purposes of § 2L1.2(b)(1)(A). This court reviews questions of law related to the application of the Sentencing Guidelines *de novo*. *See United States v. Gomez-Arrellano*, 5 F.3d 464, 465 (10th Cir. 1993).

Torres contends that the California statutory definition of burglary is significantly broader than the generic definition of burglary adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990). Accordingly, Torres argues that the California burglary conviction is not a "burglary offense" under 8 U.S.C. § 1101(a)(43)(G) and, thus, is not an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(A). The government first

-3-

argues that *Taylor* is inapplicable because the generic definition of burglary was adopted by the Court solely for the purpose of determining whether a defendant's prior conviction constitutes a crime of violence thereby justifying a sentencing enhancement pursuant to 18 U.S.C. § 924(e). *But see Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000) (applying the *Taylor* definition of burglary for purposes of § 1101(a)(43)(G)); *Lopez-Elias v. Reno*, 209 F.3d 788, 791-92 (5th Cir. 2000) (same); *Solorzano-Patlan v. INS*, 207 F.3d 869, 874-75 (7th Cir. 2000) (same). In the alternative, the government argues that this court should apply the narrow exception to the categorical approach adopted in *Taylor*. *See Taylor*, 495 U.S. at 599-602 (holding that under narrow circumstances a sentencing court can look beyond the state statutory definition of burglary and examine the charging instrument and jury instructions to determine whether the defendant was actually convicted of generic burglary). Because we conclude that Torres' California burglary conviction qualifies as an aggravated felony under the *Taylor* approach, it is unnecessary to address the government's first argument.

In *Taylor*, the Court defined generic burglary as a crime having "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. Under the categorical approach adopted in *Taylor*, the sentencing court must first determine whether "the state statute corresponds in substance to the generic meaning of burglary."

*Id*. California Penal Code section 459, the statute under which Torres was convicted, defines burglary as follows:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home, . . . railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, . . . any house car, . . . inhabited camper, . . . vehicle as defined by the Vehicle Code, when the doors are locked, aircraft . . . , or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.

The Ninth Circuit Court of Appeals has held that this statutory definition of burglary "is far too sweeping to satisfy the Taylor definition of generic burglary." *United States v. Franklin*, No. 99-10515, 2000 WL 1854832, at * 3 (9th Cir. Dec. 20, 2000). We will assume, without deciding, that the California statutory definition of burglary does not correspond in substance with the generic definition of burglary set forth in *Taylor*. Consequently, Torres' California burglary conviction does not automatically constitute a burglary offense under 8 U.S.C. § 1101(a)(43)(G). *See id*. at 599.

When the state's statutory definition of burglary is broader than the generic definition set forth in *Taylor*, "the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of *Taylor*'s generic definition." *United States v. Barney*, 955

F.2d 635, 639 (10th Cir. 1992). The court, however, may not consider the particular facts underlying the conviction. *See Taylor*, 495 U.S. at 600-02.

In this case, Torres attached a copy of the felony complaint filed in the California burglary case to the Memorandum in Support of Defendant's Motion for Departure that he filed with the district court. In the complaint, Torres was charged with, "willfully and unlawfully enter[ing] a commercial building . . . with the intent to commit larceny and any felony." The government read from the complaint at the sentencing hearing, and the district court relied on it to reach the conclusion that Torres had pleaded guilty to conduct that fell within the generic definition of burglary adopted in *Taylor*.

It is clear from our review of the California felony complaint [1] that Torres was convicted of a crime containing all the elements of generic burglary as set forth in *Taylor*. Thus, the district court properly used Torres' California burglary conviction to increase his offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Accordingly, the sentence imposed by the district court is hereby **affirmed**.

---

[1]Torres argued at the sentencing hearing that the California conviction did not meet the generic definition of burglary because the building which he entered was open to the public and therefore his entry was not unlawful or unprivileged. We do not address this argument both because Torres does not raise it in this appeal, and also because it would require this court to look beyond the fact of conviction to Torres' underlying conduct.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge