**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Lee GREEN, Defendant–Appellant.**

No. 94–6151.

United States Court of Appeals, Tenth Circuit.

June 2, 1995.

Submitted on the briefs: *

Vicki Miles–LaGrange, U.S. Atty., James F. Robinson, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

BALDOCK, Circuit Judge.

Defendant Robert Lee Green appeals his sentence imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In July and August 1993, Defendant armed himself, entered the Rockwell Bank in Oklahoma City, Oklahoma, and robbed it. In February 1994, Defendant pleaded guilty to: (1) robbing a bank with a dangerous weapon—*i.e.*, a firearm, 18 U.S.C. § 2113(a), (d); (2) carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1); and (3) felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

Prior to sentencing, the government served notice that it would seek to have Defendant sentenced as an armed career criminal pursuant to the ACCA. *See* 18 U.S.C. § 924(e) (specifying a minimum of fifteen years imprisonment and maximum of $25,000 fine for one who violates 18 U.S.C. § 922(g) and has three previous qualifying convictions). The notice cited three prior convictions as a basis for the enhancement: (1) a 1959 Oklahoma conviction for second degree burglary; (2) a 1967 conviction for robbery with firearms and assault and battery with a dangerous weapon;[1] and (3) a 1975 conviction for robbery with firearms. Defendant objected to the use of his 1959 second degree burglary conviction to enhance his sentence contending the information before the district court was insufficient to show that he committed second degree burglary. The district court overruled Defendant's objection holding:

> The 1959 Information alleges that defendant was charged with breaking and entering into a building with the intent to commit a crime. Defendant's argument that the information does not clearly reflect that defendant himself entered the building and had the requisite intent is contradicted by the plain language of the information.

Vol. I. Doc. 30 at 4. Thus, the court sentenced Defendant as an armed career criminal to 271 months imprisonment, followed by five years supervised release. This appeal followed.

On appeal, Defendant contends the district court erred in using his 1959 Oklahoma second degree burglary conviction to enhance his sentence under 18 U.S.C. § 924(e). We review a sentence enhancement under 18 U.S.C. § 924(e) de novo. *See United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir.1995) (en banc). The government must prove a sentence enhancement by a preponderance of the evidence. *Id.*

In determining whether Defendant's Oklahoma burglary conviction can be used to enhance his sentence under § 924(e), we employ a "formal categorical approach, looking only to the statutory definition[ ] of the prior offense[ ], and not to the particular facts underlying th[at] conviction[ ]." *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). We examine the statutory elements of Defendant's Oklahoma burglary conviction to determine whether they substantially correspond with the generic elements of burglary adopted in *Taylor*. *Id.* at 602, 110 S.Ct. at 2160.

In *Taylor*, the Supreme Court defined burglary for purposes of § 924(e) as "any crime . . . having the basic elements of *unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime*." *Id.* at 599, 110 S.Ct. at 2158 (emphasis added). In comparison, the Oklahoma burglary statute under which Defendant was convicted employs a broader definition of burglary:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with the intent to steal any property there-

---

1. The district court treated the two 1967 convictions as one predicate conviction for purposes of sentencing under § 924(e). *See* 18 U.S.C. § 924(e)(1) (prior convictions must be "commit-

ted on occasions different from one another"). The government does not challenge this ruling on appeal.

in or to commit any felony, is guilty of burglary in the second degree.

Okla.Stat. tit. 21, § 1435 (West 1983) (emphasis added). *See Taylor,* 495 U.S. at 599, 110 S.Ct. at 2158 ("A few States' burglary statutes ... define burglary more broadly, *e.g.,* by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings."). Because the Oklahoma statute defines burglary in terms broader than the *Taylor* definition, Defendant's conviction cannot as a categorical matter provide a basis for enhancement under the ACCA. *See, e.g., Hill,* 53 F.3d at 1153.

▉ Nevertheless, where a defendant has been convicted under a state statute defining burglary broader than *Taylor,* the conviction may be used for enhancement purposes "if the charging document coupled with another document sufficiently enables the sentencing court to determine whether the defendant's prior conviction constitutes a violent felony." *Id.* Thus, the issue we must resolve in this case is whether the government produced sufficient evidence for the district court to conclude that Defendant's 1959 burglary conviction fell with the ambit of *Taylor's* definition and thus constituted a violent felony for ACCA enhancement purposes.

▉ To support Defendant's enhancement, the government introduced the charging information and the "judgment and sentence" to Defendant's 1959 burglary conviction. The charging information alleged:

> [D]efendant, acting conjointly and together with SCOTT STINE CHEATWOOD ... did then and there wilfully, unlawfully, wrongfully, burglariously and feloniously break and enter into a one-story brick building, known as DALE'S FOOD MARKET, located at 409 N.W. 30th Street ... with the unlawful, wrongful and felonious intent then and there on the part of the said defendant to take, steal and carry away by stealth and fraud ... some or all of the property therein contained....

Aplee. App. Tab 15. The resulting judgment indicated that Defendant was sentenced for second degree burglary after having been "informed of the nature of the charge." The government contends that by pleading guilty

to an information which alleged all the elements of a generic burglary as defined in *Taylor,* Defendant's 1959 conviction properly counts toward enhancement.

Defendant argues, however, that his burglary conviction cannot be used to enhance his sentence under § 924(e) because it is impossible to determine whether Defendant himself committed acts sufficient to satisfy the elements of a generic *Taylor* burglary— *i.e.,* unlawfully entering a building with intent to commit a crime therein. Specifically, Defendant contends that the 1959 information does not indicate that Defendant *himself* unlawfully entered a building with the intent to commit a crime therein because the information charged him with "acting conjointly and together with" another individual to perpetrate the burglary.

We reject Defendant's argument because we have recently held that by pleading guilty, a defendant admits he committed all the well-pleaded facts contained in the indictment. *See Hill,* 53 F.3d at 1154–55. In the instant case, Defendant's burglary information included all the elements of a *Taylor* burglary because it alleged that Defendant unlawfully entered a building with the intent to commit a crime. *See Taylor,* 495 U.S. at 599, 110 S.Ct. at 2158–59. That the information also alleged that Defendant acted conjointly with another does not alter the fact that by pleading guilty, Defendant admitted that " '[he] did the discrete acts described' " in the information. *Hill,* 53 F.3d at 1155 (quoting *United States v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989)). Because the record indicates Defendant pleaded guilty to a charge supported by an information which satisfied the *Taylor* definition, we hold the government established by a preponderance of the evidence that Defendant's 1959 burglary conviction was a violent felony for enhancement under the ACCA.

AFFIRMED.