FILED
United States Court of Appeals
Tenth Circuit

**March 16, 2009**

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-8082

MARK E. GONZALES,

Defendant-Appellant.

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 06-CR-126-CAB)**

Vicki Mandell-King, Assistant Federal Public Defender, Denver, Colorado (Raymond P. Moore, Federal Public Defender, and Robert R. Rogers, Assistant Federal Public Defender, Cheyenne, Wyoming, with her on the briefs), for Defendant-Appellant.

Lisa E. Leschuck, Assistant United States Attorney (Matthew H. Mead and Kelly H. Rankin, United States Attorneys, District of Wyoming, and Gregory A. Phillips, Assistant United States Attorney, with her on the briefs), Cheyenne, Wyoming, for Plaintiff-Appellee.

Before **McCONNELL**, **SEYMOUR** and **EBEL**, Circuit Judges.

**EBEL**, Circuit Judge.

Defendant-Appellant Mark E. Gonzales pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Gonzales' presentence report ("PSR") recommended that he be sentenced to a minimum of 15 years' imprisonment on the ground that he came within the enhancement provisions of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). This recommendation was based on the PSR's conclusion that Mr. Gonzales had three prior convictions for "violent felonies": (1) burglary, (2) attempted voluntary manslaughter, and (3) battery/domestic violence.

Mr. Gonzales challenged the PSR's recommendation, asserting that his prior burglary conviction was not a "burglary" for purposes of § 924(e). The district court rejected Mr. Gonzales' argument and sentenced him to 15 years' imprisonment. Mr. Gonzales now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

On its own motion, this court raised the question whether Mr. Gonzales' battery/domestic violence conviction qualified as a violent felony. After considering the parties' supplemental briefs, however, we conclude Mr. Gonzales is not entitled to relief from his sentence on that basis, either.[1]

## I. BACKGROUND

The events that gave rise to this case occurred on March 23, 2005. It was

---

[1] The panel grants Mr. Gonzales' motion to file a combined supplemental brief/response.

2

on this day that Mr. Gonzales was riding in his girlfriend's van with his girlfriend and her daughter. During the ride, Mr. Gonzales became upset, removed a .25 caliber pistol from the van's glove compartment, and threatened suicide. Law enforcement officials were called, and upon their arrival, Mr. Gonzales was eventually apprehended. Thereafter, Mr. Gonzales admitted that he was a convicted felon, and further admitted that he had possessed the gun.

Based on these events, Mr. Gonzales was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Gonzales pled guilty to the charge. In exchange for his guilty plea, the government agreed to recommend that Mr. Gonzales' criminal offense level be reduced by a total of three levels for acceptance of responsibility. The plea agreement advised that Mr. Gonzales faced 10 years' imprisonment.

Following Mr. Gonzales' guilty plea, the probation office prepared a PSR. Pursuant to U.S.S.G. § 4B1.4(b)(3)(B),[2] the PSR recommended that Mr.

---

[2] U.S.S.G. § 4B1.4 provides in relevant part:

(a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
(b) The offense level for an armed career criminal is the greatest of:
    (1) the offense level applicable from Chapters Two and Three; or
    (2) the offense level from § 4B1.1 (Career Offender) if applicable; or
    (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a
(continued...)

3

Gonzales' adjusted criminal offense level be set at 30 (including the three level reduction for acceptance of responsibility), because according to the PSR, Mr. Gonzales' criminal history brought him within the ambit of 18 U.S.C. § 924(e).[3] This conclusion was based on the determination that Mr. Gonzales had three prior convictions for "violent felonies": (1) burglary, (2) attempted voluntary manslaughter, and (3) battery/domestic violence.

Mr. Gonzales objected to his burglary conviction being classified as a "burglary" for purposes of § 924(e). In making this objection, Mr. Gonzales offered the information and plea colloquy relating to this conviction. These documents shed more light on the circumstances surrounding Mr. Gonzales'

---

[2](...continued)
          type described in 26 U.S.C. § 5845(a); or
              (B) 33, otherwise.

(Footnotes omitted.)

[3] 18 U.S.C. § 924(e) provides that

> In the case of a person who violates section 922(g) [(felon in possession of a firearm)] of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

A "violent felony" is defined, in relevant part, as "any crime punishable by imprisonment for a term exceeding one year, ... [including] burglary...." 18 U.S.C. § 924(e)(2)(B)(ii).

4

burglary offense.

The information provides in relevant part that

> Mark E. Gonzales ... did unlawfully and feloniously, without authority, enter or remain in a building, occupied structure or vehicle, or separately secured portion thereof, with intent to commit larceny or a felony therein, to wit: did unlawfully and feloniously, without authority from the Cheyenne Airport Restaurant and Cloud Nine Bar, the owner or occupant, enter a building located at Laramie County, Wyoming, with intent to commit larceny or a felony therein, and did steal food and beer items, contrary to W.S. 6-3-301(a), 1977 Republished Edition.

(Vol. 2 at Doc. 17, Ex. B.)

> The plea colloquy offers Mr. Gonzales' recollection of the events:
>
> **Q:** In your own words, would you tell the Court what happened?
>
> ....
>
> **Gonzales:** Douglas was the one that had the whole plan planned out because he had said there was a key in there that he can open up all the doors with....
>
> **Q:** How did you get entry into the bar and restaurant?
>
> **Gonzales:** Well, me, Doug and my brother stayed in the bathroom until closing time. And Doug was the one that did all the work by getting in, into the bar and stuff. Alls [sic] I got out of it was a couple cases of beer, which I couldn't drink because I was on Antabuse at the time, and a couple packs of steaks and $50. If possible I will pay restitution if you will take that into consideration too.
>
> **Q:** Did you break the door down or –
>
> **Gonzales:** Well, Doug used a clothes hanger to get in there.
>
> **Q:** Okay.

5

**Gonzales:** From the top of the door, pulled the bolt open.

**Q:** Okay. Reached over with a clothes hanger and lifted the bolt?

**Gonzales:** Yeah, yeah, I was still–even when I was in there I was still thinking well, heck, I might as well just get out of here and just let them go ahead and get in trouble if they want, you know. But there wasn't no way I could open the door from the inside to get out. So I couldn't get out. So I had to stay in there whether I liked it or not until there was a way to get out.

**Q:** You took the steaks and a couple cases of beer and the fifty bucks?

**A:** That was it.

(R2 at 17, Ex. C, pp. 5-8.)

Based on the circumstances surrounding this conviction, Mr. Gonzales argued that it should not be classified as a "burglary" for purposes of § 924(e). Specifically, Mr. Gonzales asserted that the underlying facts giving rise to the conviction did not fall within the definition of "burglary" articulated by the Supreme Court to govern such enhancements. The district court disagreed, and pursuant to its belief that Mr. Gonzales thereby came within the ambit of § 924(e), sentenced Mr. Gonzales to 15 years' imprisonment. Mr. Gonzales now appeals, asserting solely that his Wyoming burglary conviction is not a "burglary" for purposes of the § 924(e).

Following oral argument, this court, on its own motion, raised a concern whether Mr. Gonzales' battery/domestic violence conviction qualified as a violent felony. At the court's request, the parties filed supplemental briefs addressing

that question.

## II.  DISCUSSION

### A.    Mr. Gonzales' burglary conviction

"We review a sentence enhancement under 18 U.S.C. § 924(e) de novo."

United States v. Green, 55 F.3d 1513, 1515 (10th Cir.1995).  Mr. Gonzales'

argument that his prior burglary conviction is not a "burglary" for purposes of

§ 924(e) rests on Taylor v. United States, 495 U.S. 575 (1990).  In Taylor, the

Supreme Court "conclude[d] that a person has been convicted of burglary for

purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of

its exact definition or label, having the basic elements of [(1)] unlawful or

unprivileged entry into, or remaining in, [(2)] a building or structure, [(3)] with

intent to commit a crime."  Id. at 599.

The Wyoming statute under which Mr. Gonzales was convicted defines

burglary more broadly than the Supreme Court's generic definition of the term:

> [a] person is guilty of burglary if, without authority, he enters or
> remains in a building, occupied structure or vehicle, or separately
> secured or occupied portion thereof, with intent to commit a larceny
> or a felony therein.

Wyo. Stat. § 6-3-301(a). "We therefore must address the question whether, in the

case of [Mr. Gonzales,] who [was] convicted under a nongeneric-burglary statute,

the Government may seek enhancement on the ground that he actually committed

a generic burglary."  Taylor, 495 U.S. at 599-600.  "For example, in a State

7

whose burglary statutes include entry of an automobile as well as a building, [such as Wyoming], if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." Id. at 602.

"[W]hen determining whether a prior conviction resulting from a guilty plea is a violent felony for purposes of the ACCA, a court is limited to an examination of the language of the statute of conviction, 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant ..., or to some comparable judicial record of this information.'" United States v. Taylor, 413 F.3d 1146, 1157 (10th Cir. 2005) (quoting Shepard v. United States, 544 U.S. 13, 20 (2005)). Mr. Gonzales maintains that based on the material contained in these documents, it cannot be concluded that he committed a burglary for purposes of a § 924(e) enhancement. We disagree.

As discussed in United States v. Barney, 955 F.2d 635, 640 (10th Cir. 1992), "the categorical problem with section 6-3-301, under which [Mr. Gonzales was convicted], is its inclusion of vehicles among the places that can be burglarized." Just as in Barney, however, "[t]he information surmounts this obstacle by making clear that" Mr. Gonzales' burglary conviction did not involve

the "alleged burglary of a vehicle." Id. To this end, the information provides that

Mr. Gonzales

> did unlawfully and feloniously, without authority, enter or remain in
> a building, occupied structure or vehicle, or separately secured
> portion thereof, with intent to commit larceny or a felony therein, to
> wit: did unlawfully and feloniously, without authority from the
> Cheyenne Airport Restaurant and Cloud Nine Bar, the owner or
> occupant, enter a building located at Laramie County, Wyoming,
> with intent to commit larceny or a felony therein, and did steal food
> and beer items, contrary to W.S. 6-3-301(a)....

(R2 at 17, Ex. B (emphasis added).) For all intents and purposes, this statement,

which makes clear that Mr. Gonzales' burglary did not involve a vehicle, is

identical to the information cited in Barney to support a finding that a defendant's

§ 6-3-301 conviction constituted generic burglary. Barney, 955 F.2d at 640

(stating that according to the information, the defendant "did unlawfully enter or

remain in a building or occupied structure or separately secured portion thereof,

to wit: Senior Citizen's office, without authority and with the intent to commit a

larceny therein....").

Mr. Gonzales counters that Barney is in fact helpful to his case. In this

regard, Mr. Gonzales relies on Barney's statement that "a back room is not a

building or structure." Id. at 640 (quotation omitted). Mr. Gonzales' reliance on

this statement is misplaced, however, as the statement was made in relation to the

court's consideration of a conviction under Wyo. Stat. § 6-7-201, not Wyo. Stat.

§ 6-3-301(a). Significantly, although we have previously determined that Wyo.

9

Stat. § 6-3-301(a) is generic aside from its inclusion of vehicles,[4] Barney, 955

F.2d at 640 (stating that "the categorical problem with section 6-3-301 ... is its

inclusion of vehicles among the places that can be burglarized"), Wyo. Stat.

§ 6-7-201 covered much more ground:

> (a) Whoever, intentionally enters, or attempts to enter, any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than fourteen (14) years:
> > (i) Any building or dwelling; or
> > (ii) An enclosed railroad car; or
> > (iii) An enclosed portion of any automobile, vehicle, or aircraft; or
> > (iv) A locked enclosed cargo portion of a truck or trailer; or
> > (v) A room within any of the above.

Barney, 955 F.3d at 638-39.

Based on the breadth of this statute, of course, the court in Barney was

---

[4] To the extent that Mr. Gonzales' brief may be interpreted to argue that Wyo. Stat. § 6-3-301(a) is also non-generic because it includes within its ambit the burglary of "separately secured or occupied portion[s]" of buildings, we disagree. As this court observed in United States v. Lujan, 9 F.3d 890, 892 (10th Cir. 1993),

> [i]n Taylor, the Supreme Court stated that its definition of burglary approximates the definition of burglary in the model penal code. Taylor, 495 U.S. at 598 n. 8, 110 S. Ct. at 2158 n. 8. That definition reads: "'A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.'" Id.

(Emphasis added; other emphasis omitted.) See also United States v. Field, 39 F.3d 15, 19-20 (1st Cir. 1994) (concluding that New Hampshire burglary statute, which criminalizes the burglary of a "building or occupied structure, or separately secured or occupied section thereof" is generic for purposes of § 924(e) (emphasis added)).

10

required to make a number of considerations that are not pertinent in this case. Instead, here, where Mr. Gonzales was convicted of burglary pursuant to Wyo. Stat. § 6-3-301(a), we need only determine whether the information and the plea colloquy overcome "the categorical problem with section 6-3-301," "its inclusion of vehicles among the places that can be burglarized." Id. at 640. It is clear that they do. Accordingly, the district court did not err in determining that Mr. Gonzales' Wyoming burglary conviction was a burglary for purposes of § 924(e).

## B.    Mr. Gonzales' battery/domestic violence conviction

On its own motion, this court inquired of the parties whether Mr. Gonzales' battery/domestic violence conviction qualified as a violent felony under 18 U.S.C. § 924(e).[5] The Government concedes that Mr. Gonzales has not waived this argument. See United States v. Olano, 507 U.S. 725, 733-34 (1993) (distinguishing between waiver and forfeiture). However, he has forfeited the issue by failing to raise it to the district court. Thus, this court will review the question for plain error. See id. at 732-33. "When reviewing an issue for plain error, we will reverse the judgment . . . only if there is (1) error, (2) that is plain, which (3) affects substantial rights. If these three criteria are met, then we may

---

[5]We may raise on our own motion an issue that might benefit the appellant. See Greenlaw v. United States, 128 S. Ct. 2559, 2566 (2008) (recognizing that the Court, in Silber v. United States, 370 U.S. 717 (1962) (per curiam), a criminal case, had granted the appellant relief on a ground raised by the Court on its own motion).

exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Zubia-Torres, 550 F.3d 1202, 1208 (10th Cir. 2008) (citation omitted); see also Olano, 507 U.S. at 734-37. Mr. Gonzales bears the burden of establishing plain error that warrants relief. See Zubia-Torres, 550 F.3d at 1209. We conclude he has not established such plain error here.

There are two means by which Mr. Gonzales could have committed battery in violation of Wyoming law: 1) by "unlawfully touch[ing] another in a rude, insolent or angry manner," or 2) by "intentionally, knowingly or recklessly caus[ing] bodily injury to another." Wyo. Stat. § 6-2-501(b). See also United States v. Hays, 526 F.3d 674, 675, 678 (10th Cir. 2008) (recognizing these two prongs of the Wyoming battery statute). It is unclear from the record under which of these two prongs (or both) Mr. Gonzales was convicted. Because Mr. Gonzales did not raise this challenge below, the parties agree that, to be entitled to relief, Mr. Gonzales must now establish that the district court would have committed plain error in treating his battery conviction, under either prong of the Wyoming battery statute, as a violent felony under 18 U.S.C. § 924(e).[6]

There are three ways in which a conviction can be a "violent felony" under

_____

[6]Under plain-error review, it is Mr. Gonzales' burden to show which prong of the Wyoming battery statute was the basis for his conviction, since he has the burden of proving both plain error and prejudice. See Zubia-Torres, 550 F.3d at 1209.

12

§ 924(e): (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 2) it "is burglary, arson, or extortion, [or] involves the use of explosives," or 3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). See also Chambers v. United States, 129 S. Ct. 687, 691 (2009) (recognizing these three definitions of "violent felony" under the ACCA). Because Mr. Gonzales did not, at sentencing, challenge the decision of the district court to treat his battery conviction as a violent felony, that court never addressed which of these definitions the Wyoming battery conviction met. We will, therefore, briefly consider each.

Addressing § 924(e)'s second definition of a violent felony, Mr. Gonzales' battery conviction clearly was not burglary, arson, extortion, or an offense involving explosives. Therefore, regardless of whether Mr. Gonzales was convicted under the first or second prong of the Wyoming battery statute, it would have been plain error had the district court concluded that his conviction met the ACCA's second violent-felony definition. See United States v. Edgar, 348 F.3d 867, 871-72 (10th Cir. 2003) (holding error was plain where it was contrary to "clear" "congressional mandate embodied" in rule of criminal procedure).

Turning to § 924(e)'s first definition of a violent felony, United States v. Hays held that a battery conviction under the first prong of the Wyoming statute did not have, "as an element, the use or attempted use of physical force." 526

13

F.3d at 676-79 (applying 18 U.S.C. § 921(a)(33)(A)(ii)).  In light of that decision, if Mr. Gonzales' conviction fell under the first prong of the Wyoming battery statute, it would have been plain error for the district court to have treated that conviction as a violent felony under § 924(e)'s first definition—one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i).[7]

However, that leaves the possibility that Mr. Gonzales' conviction could still be a violent felony if it fell under any of the remaining scenarios: (1) if it fell under the second prong of Wyoming's battery statute and it met 18 U.S.C. § 924(e)'s first definition—having "as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) if it fell under either prong of the Wyoming battery statute and it "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  Mr. Gonzales has not pointed out, and we have not found, any Supreme Court or Tenth Circuit authority that directly addresses these possibilities.  Nor has Mr. Gonzales pointed to any cases from other circuits addressing these issues.  Therefore, even if it would have been error for the

_____

[7]This court decided <u>Hays</u> after Mr. Gonzales' sentencing had occurred, but while his direct appeal remained pending.  Even so, an error will be plain if it is "'clear or obvious <u>at the time of the appeal</u>.'"  <u>United States v. Kaufman</u>, 546 F.3d 1242, 1252 (10th Cir. 2008) (quoting <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)) (emphasis added); <u>see also</u> <u>Johnson v. United States</u>, 520 U.S. 461, 467-68 (1997).

14

district court to have relied upon these bases for characterizing Mr. Gonzales'

Wyoming battery/domestic violence conviction as a violent felony under the

ACCA—and we do not here address the merits of these issues and so do not

conclude that it would have been error—any such error could not have been plain.

Plain error "means clear or obvious" error.  Kaufman, 546 F.3d at 1252 (quotation

omitted).  "An error in a ruling is 'plain' only if the ruling violates 'well-settled

law.'"  United States v. Baum, No. 07-6257, 2009 WL 322106, at *6 (10th Cir.

Feb, 10, 2009) (citation omitted; quoting United States v. Smith, 413 F.3d 1253,

1274 (10th Cir. 2005)).

For these reasons, we conclude Mr. Gonzales has failed to establish that the

district court plainly erred in determining that his Wyoming battery conviction

qualified as a violent felony for purposes of the ACCA.

## CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Gonzales' sentence.