FILED
United States Court of Appeals
Tenth Circuit

**March 8, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY WAYNE WHITE,

Defendant - Appellant.

No. 10-3024

(D. Kansas)

(D.C. No. 2:97-CR-20033-KHV-JPO-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

## I.    INTRODUCTION

After Billy Wayne White (Defendant) violated the terms of his supervised release, the United States District Court for the District of Kansas revoked his release and sentenced him to 46 months' incarceration. Defendant appeals his sentence, arguing that it was procedurally unreasonable because the district court failed to articulate its reasons for imposing the sentence. We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## II. BACKGROUND

In 1997 Defendant was convicted of distributing 11.4 grams of crack cocaine. He was sentenced to 140 months' imprisonment and eight years of supervised release. The term of supervised release began on November 19, 2007. On July 29, 2008, the government filed a petition to revoke. The petition alleged that Defendant had violated the terms of release on July 22 by possessing approximately 70 grams of marijuana with intent to distribute it. Defendant was prosecuted in Kansas state court and was eventually found guilty of felony marijuana possession on September 11, 2009.

The violation report prepared by the federal probation office characterized Defendant's offense as a Grade A violation. Given his criminal-history category of V and his original offense of conviction, the sentencing range recommended by the United States Sentencing Guidelines policy statements was 46 to 57 months. *See* USSG § 7B1.4(a). On December 28, 2009, the court granted the government's petition and sentenced Defendant to 46 months' imprisonment.

## III. DISCUSSION

Defendant does not contest the district court's calculation of the recommended sentencing range. He argues only that the district court violated 18 U.S.C. § 3553(c) by failing to articulate its reasons for sentencing him to 46 months' imprisonment. Subsection (c) provides: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular

sentence . . . ."  18 U.S.C. § 3553(c).  Defendant asserts that aside from "making credibility determinations to support the finding of a Grade A violation, the District Court said little else concerning how [it] concluded a 46 month sentence was reasonable."  Aplt. Br. at 9.  According to Defendant, this was insufficient to satisfy the requirements of § 3553(c), thereby rendering his 46-month sentence unreasonable.

Because Defendant failed to raise this issue at sentencing, we review for plain error.  *See United States v. Caraway*, 534 F.3d 1290, 1298 (10th Cir. 2008).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects [Defendant's] substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  The defendant has the burden of establishing all four elements of plain error.  *See United States v. Gonzalez*, 558 F.3d 1193, 1199 (10th Cir. 2009).

We resolve this case at the first stage of the plain-error analysis because the district court committed no error.  Under our precedent a district court sentencing a defendant for violating a condition of supervised release must comply with § 3553(c) and state in open court the reasons for imposing a specific sentence.[1]

_____

[1] The government argues that there is no statutory authority for applying 18 U.S.C. § 3553(c) to a revocation of supervised release, and that doing so "does not reflect a recognition that a revocation proceeding is not a sentencing proceeding."  Aplee. Br. at 12–13.  Hence, it argues, there is "an apparent incongruence" between congressional directives and this court's precedents.  *Id.* at 13.  But it does not ask us to overturn our precedents, and this panel is bound

(continued...)

*See United States v. Rose*, 185 F.3d 1108, 1111–13 (10th Cir. 1999) (applying § 3553(c) to a revocation of supervised release); *United States v. Burdex*, 100 F.3d 882, 886 (10th Cir. 1996) (upon sentencing a defendant who has violated the terms of his supervised release, the "court need only give the reasons for its action as required by 18 U.S.C. § 3553(c)"). Compliance with § 3553(c) at the original sentencing is not a burdensome requirement. "Where . . . a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of 'the reasons for its imposition of the particular sentence.'" *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). That "general statement need involve no ritualistic incantation to establish consideration of a legal issue," *id.* at 1202 (internal quotation marks omitted), and need only "not[e] the appropriate guideline range and how it was calculated." *Id.* (internal quotation marks omitted). The same standard applies to sentences after revocation of supervised release that are within the range recommended by the Sentencing Commission's policy statements. *See United States v. McBride*, No. 10-3206, 2011 WL 489681 (10th Cir. Feb. 14, 2011).

---

[1](...continued)
by circuit precedent anyway.

The district court's statements at Defendant's sentencing were sufficient to satisfy § 3553(c). In finding that Defendant had violated a condition of supervised release, the court stated:

> Well, I believe that the testimony [of the government's witnesses] was more credible than [Defendant's] testimony. And the Court does find that the highest grade of violation here is A, that defendant was not only in possession of 70 grams of marijuana, but was in clear plastic Baggies, a digital scale, and $1,432, which was evidence of being involved in distribution of illegal drugs. And I don't at all credit his explanation for the events of this encounter with police on July 22nd, 2009.
> So then we would be looking again at a custody range of 46 to 57 months. Would you like to be heard on sentencing?

R., Vol. 2 pt. 2 at 91–92. Defense counsel declined the court's offer, stating that "everything ha[d] probably been said that can possibly be said about this matter" and that "further comment would [not] be of much benefit." *Id.* at 92. Defendant then spoke on some factual issues not relevant to the appeal and the court discussed with counsel what term of supervised release could be imposed after the revocation sentence. Defense counsel urged the court not to impose any further supervised release after a lengthy sentence on revocation. The court imposed sentence, saying:

> [T]he sentence I would propose here—first of all, the highest grade violation is A, the criminal history category is 5. The Court finds that defendant has violated the terms of supervised release which the Court imposed on October 27, 1997. So that term of supervised release is revoked.
> The Court finds, Mr. White, that you should be sentenced to the custody of the Bureau of Prisons for 46 months. When you're

released from prison, you'll be placed on supervised release for 50 months.

*Id.* at 98–99.  By stating the appropriate guideline range and how it was calculated, the court gave a satisfactory general statement of the reasons for imposing the sentence.

## IV.  CONCLUSION

We AFFIRM the Defendant's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge