**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEX JOE HERNANDEZ,

    Defendant - Appellant.

No. 17-6021
(D.C. Nos. 5:16-CV-00604-F &
5:08-CR-00048-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Alex Hernandez appeals the district court's order denying his motion to vacate

his sentence under 28 U.S.C. § 2255. We affirm.

**I. Background**

Hernandez pled guilty to possessing a firearm as a felon under 18 U.S.C.

§ 922(g)(1). The government filed a notice (and supplemental notice) that Hernandez

was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA),

18 U.S.C. § 924(e), which sets a fifteen-year minimum term for those convicted

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under § 922(g) who have three prior convictions for violent felonies, § 924(e)(1). According to the government's notice, Hernandez had four ACCA-qualifying offenses: (1) a 2004 conviction for second degree burglary under Okla. Stat. tit. 21, § 1435; (2) a 1989 conviction for attempted robbery with a dangerous weapon under Okla. Stat. tit. 21, § 801; (3) a 1996 conviction for deadly conduct under Tex. Penal Code § 22.05 (case number 96-053); and (4) a second 1996 conviction for deadly conduct under the same statute (case number 96-052).

Hernandez argued the ACCA enhancement did not apply because his deadly conduct convictions were not violent felonies, but he did not challenge the government's contention that his second degree burglary and attempted robbery convictions were. The sentencing court concluded one of Hernandez's deadly conduct convictions was a violent felony (namely, his conviction in case number 96-052). It therefore sentenced Hernandez to fifteen years in prison, the minimum mandatory term under the ACCA.

Hernandez appealed, again arguing that neither of his deadly conduct convictions were violent felonies. Like the sentencing court, we concluded his conviction in case number 96-052 satisfied the ACCA's definition of "violent felony" because deadly conduct under Tex. Penal Code § 22.05(b)(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Hernandez*, 568 F.3d 827, 829-30 (10th Cir. 2009) (internal quotation marks omitted). We therefore affirmed Hernandez's sentence. *Id*. at 832.

2

Several years later, the Supreme Court invalidated part of the ACCA's definition of "violent felony." The ACCA defines the term as:

any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause]; or

(ii) is burglary, arson, or extortion, involves use of explosives [the enumerated offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

§ 924(e)(2)(B). In *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015), the Supreme Court held the residual clause was unconstitutionally vague. The Court later applied *Johnson*'s holding retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Less than a year after the Supreme Court's decision in *Johnson*, Hernandez moved to vacate his sentence under 28 U.S.C. § 2255 on grounds that, after *Johnson*, he no longer qualified for an enhanced sentence under the ACCA. The district court denied relief and denied a Certificate of Appealability (COA).

We granted a COA on two issues: (1) whether Hernandez's § 2255 motion was timely and (2) whether the district court properly denied it on the merits.

**II. Timeliness & Procedural Default**

As relevant here, a § 2255 motion must be filed within a year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable

3

to cases on collateral review." § 2255(f)(3).  As noted above, Hernandez filed his § 2255 motion less than a year after *Johnson* and argued that, after *Johnson*, he no longer qualified for an enhanced sentence under the ACCA.  Because Hernandez asserted the right established in *Johnson* within a year after it was decided, his motion was timely.  *See United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1696 (2018).

In general, "claims not raised on direct appeal cannot be raised on collateral review unless the petitioner shows cause and prejudice."  *Id.* at 1126 (internal quotation marks omitted).  But Hernandez's "*Johnson* claim was not reasonably available . . . at the time of his direct appeal," *id*. at 1127, and there is no doubt the alleged error influenced his sentence, *see id*. at 1128.  So Hernandez has shown sufficient cause and prejudice to excuse his procedural default.

**III. Merits**

To determine whether the district court erred by denying Hernandez's § 2255 motion, we review its "findings of fact for clear error and its conclusions of law de novo."  *Id.* at 1125 (internal quotation marks omitted).

Hernandez argues he is entitled to relief under § 2255 because his convictions for second degree burglary and attempted robbery with a dangerous weapon are no longer violent felonies under the ACCA.  The Court's decision in *Johnson* did not affect the validity of the ACCA's elements clause or enumerated offense clause. *See Johnson*, 135 S. Ct. at 2563.  So to prevail, Hernandez must show the sentencing court "more likely than not[] relied on the residual clause to enhance his sentence."

4

*United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018). We resolve this question by reviewing the sentencing record to see whether the transcripts, pleadings, or presentence report (PSR) identify which clause the court relied on. *Id.* at 1132. If the record is ambiguous, we "examine[] the relevant background legal environment at the time of sentencing to determine whether the [sentencing] court would have needed to rely on the residual clause." *Id*. at 1132 & n.2.

As we explain below, Hernandez has not shown the sentencing court more likely than not relied on the residual clause to find his convictions for second degree burglary and attempted robbery with a dangerous weapon were violent felonies. We therefore see no error in the district court's decision to deny his § 2255 motion.

### A. Sentencing Record

The sentencing record does not shed much light on Hernandez's claim. The sentencing court did not specify which clause or clauses it relied on to find Hernandez's convictions for attempted robbery with a dangerous weapon and second degree burglary were violent felonies. And neither the presentence briefs nor the PSR answer this question. Because the record is ambiguous, we turn to the background legal environment at the time of sentencing.

### B. Background Legal Environment

The background legal environment is "a snapshot of what the controlling law was at the time of sentencing." *Snyder*, 871 F.3d at 1129 (internal quotation marks omitted). Hernandez has not shown the controlling law when he was sentenced would have required the court to rely on the residual clause to find his convictions for

5

second degree burglary and attempted robbery with a dangerous weapon were violent felonies.

### i. Second Degree Burglary

Hernandez was convicted of second degree burglary under Okla. Stat. tit. 21, § 1435. That section provides:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

*Id*.

Burglary is one of the crimes listed in the ACCA's enumerated offense clause. *See* § 924(e)(2)(B)(ii). When Hernandez was sentenced, the Supreme Court had defined "burglary" under the ACCA as any offense with the generic "elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Court adopted a categorical approach to the analysis, requiring courts to look only to the statutory definition of the prior offense, rather than the particular facts underlying the conviction. *Id*. at 602. If a particular statute defined burglary more broadly than the generic definition, the court could "go beyond the mere fact of conviction" to determine whether the "jury was actually required to find all the elements of generic burglary." *Id*. at 602. The Court later extended this reasoning to cases where the prior conviction was the result of a plea. *Shepard v. United States*, 544 U.S. 13, 19

6

(2005). It held that in the plea context a sentencing court may review the charging document, plea agreement, plea transcript, or comparable judicial records to determine whether a plea involving a broader statute "necessarily admitted [the] elements of the generic offense." *Id.* at 26.

Our decisions would have given the sentencing court even more guidance. By 2008, we had long recognized that Oklahoma's second degree burglary statute was broader than generic burglary. *See United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995) (en banc); *United States v. Green*, 55 F.3d 1513, 1516 (10th Cir. 1995). Following *Taylor*, we held that convictions under the statute satisfied the enumerated offense clause when the charging document and judgment showed the defendant pled guilty to the elements of generic burglary. *Hill*, 53 F.3d at 1155; *Green*, 55 F.3d at 1516. When that was true, we found it unnecessary to determine whether the conviction also satisfied the residual clause. *See United States v. Amos*, 984 F.2d 1067, 1071 (10th Cir. 1993).

In Hernandez's case, the charging information alleged he committed second degree burglary by "unlawfully . . . breaking and entering into a building located at Wagner's R.V. Sales . . . with the intent to commit burglary." Aplt. Supp. R. at 32. The judgment shows Hernandez was represented by counsel and pled guilty to the charge. Because the charging document and judgment show Hernandez pled guilty to the elements of generic burglary, the law when he was sentenced would have allowed the court to rely on the enumerated offense clause to find his second degree burglary

7

conviction was a violent felony under the ACCA. *See Hill*, 53 F.3d at 1155; *Green*, 55 F.3d at 1516.

### ii. Attempted Robbery with a Dangerous Weapon

Hernandez was convicted of attempted robbery with a dangerous weapon under Okla. Stat. tit. 21, § 801. Under that section,

> [a]ny person or persons who, with the use of any firearms or any other dangerous weapons, . . . attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons . . . shall be guilty of a felony.

*Id*. Oklahoma defines "robbery" as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791.

The ACCA's enumerated offense clause does not list attempted robbery, so we turn to the elements clause. An offense satisfies the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(b)(i). Although we had not resolved the question in a published decision, we held in an unpublished decision predating Hernandez's sentence that a conviction under § 801 was a violent felony under either the elements clause or the residual clause. *United States v. Gilbert*, 1994 WL 242221, at *2 (10th Cir. June 7, 1994) (unpublished). This would have provided at least persuasive authority for the sentencing court to reach the same conclusion. *See* 10th Cir. R. 32.1(A). Nevertheless, Hernandez argues his conviction under § 801 does not satisfy the elements clause for three reasons.

First, he argues the force required to satisfy the "force or fear" element is not the violent force necessary to satisfy the elements clause. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) ("[I]n the context of [the elements clause], the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."). It is true that, under Oklahoma law, "robbery by force" does not require any particular degree of force. *See* Okla. Stat. tit. 21, § 793 (stating "the degree of force employed is immaterial"). But this does not mean that, taken together, the elements of attempted robbery with a dangerous weapon would not require the use, attempted use, or threatened use of force sufficient to satisfy the elements clause. *Cf. United States v. Ramon Silva*, 608 F.3d 663, 670 (10th Cir. 2010) (concluding the elements of New Mexico's "apprehension causing" aggravated assault statute, considered together, include "the threatened use of force capable of causing physical pain or injury to another person" (internal quotation marks omitted)). Regardless, Hernandez cites no authority predating his sentence that would have required any particular degree of force to satisfy the elements clause. *See Snyder*, 871 F.3d at 1129 ("[T]he relevant background legal environment . . . does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions.").

Second, Hernandez argues the fear component of the "force or fear" element can be accomplished by threats to property, rather than threats to "the person of another," which the elements clause requires. Indeed, under Oklahoma law, robbery can be accomplished by "fear of an unlawful injury, immediate or future, to the

9

person or property of the person robbed or of any relative of his, or member of his family," or by "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed, at the time of the robbery." Okla. Stat. tit. 21, § 794. But the analysis does not end there. When faced with "a statute [that] defines a particular offense in more than one way," the law when Hernandez was sentenced would have allowed the sentencing court to "consult the judicial records approved in *Shepard* in order to ascertain which definition of [the] crime to evaluate." *United States v. Zuniga-Soto*, 527 F.3d 1110, 1121 (10th Cir. 2008). The charging information accused Hernandez of attempting to take money from a person "by threatening her with a . . . knife, causing her to fear she was in immediate danger of unlawful injury or death." Aplt. Supp. R. at 23. The judgment shows Hernandez was represented by counsel and informed of the nature of the charge before he pled guilty. These records would have allowed the sentencing court to determine Hernandez was convicted of threatening a person, not property.

Third, Hernandez argues attempted robbery with a dangerous weapon is not a violent felony under the ACCA because it does not require an actual attempt to use force. But again, the sentencing court could have reviewed the charging information and judgment to determine which parts of the statutes defining the offense Hernandez was convicted under. *See Zuniga-Soto*, 527 F.3d at 1121. These records would have revealed he was convicted of using a dangerous weapon to attempt (§ 801) to take personal property in another's possession by means of (§ 791) fear of unlawful injury to the person (§ 794). The sentencing court could have concluded this definition of

10

attempted robbery with a dangerous weapon involved the "threatened use of physical force against the person of another," § 924(e)(2)(b)(i), so whether or not the conviction involved an actual attempt to use force would have been irrelevant, *cf. United States v. Herron*, 432 F.3d 1127, 1137 (10th Cir. 2005) ("The actual use of force is not necessary to make a crime a *violent felony*; all that is required is the *threat* of such force against another's person.").

In short, Hernandez has not shown the law when he was sentenced would have required the court to rely on the residual clause to find his conviction for attempted robbery with a dangerous weapon was a violent felony.

## IV. Conclusion

We affirm the district court's order denying Hernandez's § 2255 motion.

Entered for the Court


Jerome A. Holmes
Circuit Judge